■ In the Matter of the Claim of DAWN A. GIBSON, Appellant. COMMISSIONER OF LABOR, Respondent. [672 NYS2d 531] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 31, 1996, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Following a dispute with a client, claimant, a security receptionist, was informed by her supervisor on July 15, 1994

that she was being taken off this assignment and directed to report to work the following week for a new one. On the morning of July 18, 1994, however, claimant personally contacted the former client to discuss the loss of her assignment. Claimant was thereafter discharged for violating the employer's rule prohibiting employees from addressing questions regarding, *inter alia*, assignments with clients. The Unemployment Insurance Appeal Board ruled that claimant lost her job under disqualifying circumstances and we find substantial evidence in the record to support that determination. It is well settled that failure to comply with an employer's established policies and acting in a manner contrary to the employer's best interests can constitute disqualifying misconduct (*see, Matter of Rothman [Sweeney]*, 242 AD2d 818). There is evidence that claimant was aware, or should have been aware, of the employer's rule and her exculpatory explanation for her conduct merely raised a credibility issue for the Board to resolve (*see, Matter of Naraine [Sweeney]*, 245 AD2d 932, 933).

Cardona, P. J., Mikoll, White, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.