■ In the Matter of the Claim of Elsy Guibert, Appellant. Commissioner of Labor, Respondent. [679 NYS2d 452] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 5, 1997, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was discharged from her employment as an AIDS program coordinator at a community health center for violating the employer's confidentiality policy by divulging information about a prospective client to a colleague who was not a co-worker. Although the name of the prospective client was not revealed, a third party who overheard the conversation was able to identify the client. Thereafter, the third party relayed

the information to the client's sister, who considered taking action against the employer. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving benefits upon the ground that her employment was terminated due to misconduct. Inasmuch as claimant acted contrary to the employer's known policy and such conduct was potentially detrimental to the employer's best interest, substantial evidence supports the Board's decision finding that claimant engaged in disqualifying misconduct (*see, Matter of Gibson [Commissioner of Labor]*, 250 AD2d 906; *Matter of Block [Commissioner of Labor]*, 249 AD2d 870). While the Board reversed the decision of the Administrative Law Judge, it is well settled that the Board is free to resolve credibility issues differently from the Administrative Law Judge (*see, Matter of Lugo [Milford Mgt.—Commissioner of Labor]*, 251 AD2d 742). Claimant's remaining contentions have been reviewed and found to be without merit.

Mercure, J. P., Crew III, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.