■ In the Matter of the Claim of THOMAS B. WILLIAMS, Appellant. COMMISSIONER OF LABOR, Respondent. [684 NYS2d 43] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 29, 1997, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was employed as a fire guard in a large building and his duties required him to stand at his post at all times in order to implement any necessary evacuation plans. After a client reported claimant for allegedly sitting on the job, claimant's supervisor instructed claimant not to speak to the client concerning claimant's denial of the accusation of sitting on the job. Nevertheless, claimant chose to confront the client to ask him personally about the complaint. Claimant was thereafter discharged for speaking to the client in contravention of the employer's specific instructions. The Unemployment Insurance Appeal Board ruled that claimant lost his job under disqualifying circumstances and we find substantial evidence in the record to support that determination. It is well settled that "[f]ailing to comply with the employer's established policies and procedures and acting in a manner contrary to the employer's best interests [can] constitute disqualifying misconduct" (*Matter of Rothman [Sweeney]*, 242 AD2d 818). Claimant's exculpatory explanation for his conduct merely raised a credibility issue for the Board to resolve (*see, Matter of Gibson [Sweeney]*, 250 AD2d 906, 907).

Mikoll, J. P., Crew III, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.