■ In the Matter of the Claim of ELAINE M. BASSI COLOMBO, Appellant. COMMISSIONER OF LABOR, Respondent. [725 NYS2d 429] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 25, 2000, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was discharged from her employment as a pharmacist after she permitted a friend to come behind the counter of the pharmacy area and accessed computer records to obtain in-

formation concerning a patient's address for personal reasons. The Unemployment Insurance Appeal Board ruled that claimant engaged in disqualifying misconduct and denied her request for unemployment insurance benefits. Contrary to claimant's contention, substantial evidence supports the Board's decision.

Regardless of whether claimant violated any laws as testified to by the employer, she nevertheless violated the employer's established policies regarding access to the pharmacy area and accessing patient information for personal use. Although claimant maintains that she was unaware of the employer's established policies, the record demonstrates that claimant received a copy of the employer's handbook which prohibited such conduct. Inasmuch as claimant's conduct was potentially detrimental to the employer's best interests, we find no reason to disturb the Board's decision (*see, Matter of Guibert [Commissioner of Labor]*, 254 AD2d 661, 662; *see also, Matter of Keast [Esssex County ARC—Sweeney]*, 224 AD2d 851). Although the Board reversed the findings of the Administrative Law Judge, it is within the Board's discretion to resolve credibility issues differently from the Administrative Law Judge (*see, Matter of Guibert [Commissioner of Labor]*, *supra*, at 662). Claimant's remaining contentions have been reviewed and found to be without merit.

Peters, J. P., Spain, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.