■ In the Matter of the Claim of ROBERT J. GALLAGHER, Appellant. COMMISSIONER OF LABOR, Respondent. [749 NYS2d 331] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 28, 2002, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he was suspended from his employment without pay due to misconduct.

Claimant was suspended from his position as a senior insurance examiner after criminal charges were filed against him stemming from his purchase and sale of stock options from an insurance company which was regulated by his employer. The Unemployment Insurance Appeal Board subsequently denied claimant's application for unemployment insurance benefits finding that he engaged in disqualifying misconduct. It is well settled that "[a]n employee's apparent dishonesty or failure to comply with the employer's established policies and procedures can constitute disqualifying misconduct" (*Matter of Huggins [Samaritan Med. Ctr.—Commissioner of Labor]*, 257 AD2d 877, 878; *see Matter of Morgan [Commissioner of Labor]*, 291 AD2d 701; *Matter of Sands [Sweeney]*, 243 AD2d 798). Here, claimant admitted buying and selling stock options from a company regulated by his employer, but denied knowing that such conduct was prohibited. The record establishes, however, not only that such transactions were against the employer's policies, but that they were unlawful and that claimant's job description and responsibilities required him to understand the Insurance Law. Under these circumstances, substantial evidence supports the Board's decision that claimant knew or should have known that his actions were prohibited, and it will

not be disturbed (*see Matter of Goodall [Commissioner of Labor]*, 271 AD2d 800, 800; *Matter of Williams [Levine]*, 52 AD2d 671, 671-672).

Cardona, P.J., Peters, Spain, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.