■ In the Matter of the Claim of JOSEPH MCALLISTER, Appellant. COMMISSIONER OF LABOR, Respondent. [754 NYS2d 455] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 25, 2002, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was employed as a principal accounting clerk by the Port Authority of New York and New Jersey. After his office was destroyed on September 11, 2001, claimant was notified that he would continue to receive his full salary. He was reassigned to a new work location and resumed active employment on October 2, 2001. Approximately one week thereafter, however, claimant applied to two disaster relief agencies, the American Red Cross and Safe Horizons, seeking benefits. As an alleged "displaced worker," claimant received approximately $1,900 from these agencies before his actions came to the attention of the employer in January 2002, resulting in his termination.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board that claimant lost his employment due to disqualifying misconduct. An employee whose actions reflect adversely upon the employer's integrity may be found guilty of disqualifying misconduct (*see Matter of Sinker [Sweeney]*, 226 AD2d 878, 879, *affd* 89 NY2d 485). In the matter under review, the record discloses that claimant applied to relief agencies in order to obtain disaster benefits for which he was clearly not entitled, thereby acting in a manner that was both potentially damaging to the employer's best interest and counter to its established employee guidelines prohibiting employees from acting in a manner that "reflects unfavorably" upon the employer (*see Matter of Guibert [Commissioner of Labor]*, 254 AD2d 661, 662). Claimant's contention that his applications arose out of his honest belief that he was entitled to benefits as a survivor of the disaster, raised an issue of credibility for resolution by the Board (*see Matter of Colombo [Commissioner of Labor]*, 283 AD2d 752).

Cardona, P.J., Crew III, Spain, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.