■ In the Matter of the Claim of ASHER SUSSWEIN, Appellant. AMERICAN SOCIETY OF COMPOSERS, AUTHORS AND PUBLISHERS, Respondent; COMMISSIONER OF LABOR, Respondent. [795 NYS2d 413]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 22, 2004, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant worked as a tape analyst for the employer, an organization which collects licensing fees for the use of music and distributes royalties to the writers and publishers. His job required him to compare tape recordings of radio broadcasts with electronic logs to verify the accuracy of the logs, which were, in turn, used to determine the royalties to be paid. Claimant was terminated from his position after it was discovered that he certified material on the logs as accurate when, in fact, he had not actually listened to the tape recordings to verify that the logs were correct. He admitted that he had not listened to the tapes because he was concerned about meeting his production quota. His application for unemployment insurance benefits was ultimately denied by the Unemployment Insurance Appeal Board on the ground that his employment was terminated due to misconduct. He now appeals.

We affirm. An employee's apparent dishonesty (see Matter of Washington [Commissioner of Labor], 304 AD2d 896, 896 [2003]; Matter of Gallagher [Commissioner of Labor], 298 AD2d 828, 828 [2002]) or failure to follow the employer's reasonable rules, which have a detrimental effect upon the employer's interest or integrity (see Matter of Ghoulian [Commissioner of Labor], 6 AD3d 908, 908 [2004]; Matter of McAllister [Commissioner of Labor], 301 AD2d 1012 [2003]; Matter of Guy [Commissioner of Labor], 272 AD2d 709, 710 [2000]), may constitute disqualifying misconduct. Here, claimant admitted that he falsely certified that the logs were correct when he had not listened to the tapes.

This had a direct bearing on the integrity of the employer's business as it impacted the distribution of royalty moneys. Although claimant maintained that the employer had previously waived the auditing procedure in certain situations, he conceded that it had not been waived with respect to the tapes in question. Inasmuch as substantial evidence supports the Board's decision, we decline to disturb it.

Cardona, P.J., Peters, Spain, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.