■ In the Matter of the Claim of ANGELIQUE REID, Appellant. COMMISSIONER OF LABOR, Respondent. [804 NYS2d 479]—

Appeal from a decision of the Unemployment Insurance Ap-

peal Board, filed April 20, 2005, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was terminated from her position managing revenue recovery projects for Health Insurance Plan of New York after the employer learned that she misrepresented her income to a bank in connection with a home mortgage application. Claimant's application for unemployment insurance benefits was thereafter denied on the ground that her misrepresentation constituted disqualifying misconduct. Following hearings, the Administrative Law Judge sustained the initial determination, and the Unemployment Insurance Appeal Board affirmed. Claimant now appeals.

We affirm. Conduct may be disqualifying when it violates generally accepted standards of behavior that an employer has the right to expect from its employees or bears materially upon an employee's honesty or integrity to serve in a particular capacity (*see Matter of Sinker [Sweeney]*, 89 NY2d 485, 487-488 [1997]; *Matter of Punter [Ross]*, 43 NY2d 743, 744 [1977]). Here, although claimant denied manufacturing salary verification letters on the employer's letterhead, she admitted to misrepresenting her employment income to the bank when she initially pursued the mortgage application. Inasmuch as this apparent dishonesty impacted upon claimant's fitness to continue in her employment, we find that substantial evidence supports the Board's determination (*see Matter of Washington [Commissioner of Labor]*, 304 AD2d 896, 896 [2003]; *Matter of McAllister [Commissioner of Labor]*, 301 AD2d 1012, 1012 [2003]).

Cardona, P.J., Mercure, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.