■ In the Matter of the Claim of JOHN K. RIPLEY, Appellant. BUCKBEE-MEARS CORTLAND, Respondent; COMMISSIONER OF LABOR, Respondent. [727 NYS2d 726] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 29, 2000, which, *inter alia*, ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was discharged from his employment as a factory worker after his supervisor found him playing cards in a storage room during his shift. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits because he was terminated due to disqualifying misconduct. Claimant appeals and we affirm. "Conduct which is in disregard of the standards of conduct which the employer has a right to expect * * * has been held to constitute disqualifying misconduct" (*Matter of Tucek [Commissioner of Labor]*, 254 AD2d 667, 668 [citation omitted]; *see, Matter of Banks [U.S. Delivery Contemporary—Commissioner of Labor*, 253 AD2d 960). Upon our review of the record, we find that substantial evidence exists to support the Board's decision that claimant engaged in disqualifying misconduct (*see, Matter of Ellis [Commissioner of Labor]*, 264 AD2d 932; *Matter of Tucek [Commissioner of Labor]*, *supra*), notwithstanding that the record could support a contrary conclusion. Claimant's testimony that he acted appropriately inasmuch as the production line had been shut down for several weeks and there was no work to be done presented a credibility issue, which the Board was free to resolve against him (*see, Matter of Ellis [Commissioner of Labor]*, *supra*). Claimant's remaining assertion, that his conduct merely constituted poor judgment, has been reviewed and found to be without merit.

Crew III, J. P., Spain, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.