■ In the Matter of the Claim of MARLON S. MEARS, Appellant. COMMISSIONER OF LABOR, Respondent. [764 NYS2d 228] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 25, 2002, which ruled, inter alia, that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board that claimant was discharged from his employment as a warehouse worker due to disqualifying misconduct. The record establishes that claimant and a coworker argued after the coworker criticized claimant for the way he was loading a freight elevator. Claimant walked away and returned with an open box cutter at his side stating, "What do you have to say now? Say something now." Threatening behavior toward a coworker has been held to constitute disqualifying misconduct (*see Matter of Santana [Commissioner of Labor]*, 263 AD2d 564 [1999]; *Matter of Marcus [Sweeney]*, 235 AD2d 886 [1997]; *Matter of Benito [Shulsky Props.—Hudacs]*, 203 AD2d 846 [1994]). Claimant's exculpatory explanation for his conduct, that he was provoked by the coworker and the open box cutter was not meant to be a threat but was for work purposes, created a credibility issue for the Board to resolve (*see Matter of Castro [Commissioner of Labor]*, 250 AD2d 909 [1998]).

Additionally, the record establishes that claimant notified the local unemployment insurance office that he lost his job due to lack of work, and thereafter maintained that he was unsure whether he was fired or let go due to lack of work. Given the evidence before the Board that claimant was fired

for misconduct, its determination that claimant made a willful misrepresentation is amply supported (*see Matter of Desir [Commissioner of Labor]*, 293 AD2d 904 [2002]).

Mercure, J.P., Crew III, Peters, Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.