■ In the Matter of the Claim of DAVID H. EISENSTADT, Appellant. COMMISSIONER OF LABOR, Respondent. [781 NYS2d 548]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 19, 2003, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was discharged from his position as an inventory management clerk after he threw a cup of hot liquid on a fellow employee in the cafeteria. The Unemployment Insurance Appeal Board denied his claim for unemployment insurance benefits on the ground that he was terminated due to misconduct. He now appeals.

We affirm. An employee's violent or threatening behavior toward a coworker, particularly when it violates the employer's rules, may constitute misconduct disqualifying an employee from receiving unemployment insurance benefits (*see Matter of Mears [Commissioner of Labor]*, 308 AD2d 627, 627 [2003]; *Matter of Labayen [Commissioner of Labor]*, 301 AD2d 1014, 1015 [2003]). Here, claimant engaged in such behavior, in violation of the employer's established policy, when he threw hot liquid on an employee with whom he had a disagreement. Although claimant maintained that the substance was ice water and the spill was accidental, this presented a credibility issue for the Board to resolve (*see Matter of Allen [Commissioner of Labor]*, 5 AD3d 845, 846 [2004]; *Matter of Mears [Commissioner of Labor]*, *supra* at 627). Therefore, we find no reason to disturb the Board's decision.

Cardona, P.J., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.