Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 23, 2013, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.
Substantial evidence supports the determination of the Unemployment Insurance Appeal Board that claimant, a certified nursing assistant at a nursing home, was terminated for misconduct (see Matter of Liebman [Commissioner of Labor], 20 AD3d 858, 859 [2005]). Claimant was suspended and later discharged after an investigation revealed that she grabbed the arms of a coworker who was pushing a patient in a wheelchair, causing the coworker to lose control of the wheelchair, which crashed into some equipment in the hallway. As a result of this incident, the coworker suffered bruising and the patient sustained minor injuries. Significantly, “a physical altercation between coworkers, regardless of who initiates it, may constitute disqualifying misconduct” (Matter of Shivpal [Commis *1332 sioner of Labor], 309 AD2d 1135, 1136 [2003]; see Matter of Santiago [Commissioner of Labor], 69 AD3d 1090, 1091 [2010]). While claimant denied any inappropriate conduct and testified that she was only being friendly when she put her arms around the coworker, this created a credibility issue for the Board to resolve (see Matter of Messado [City of New York — Commissioner of Labor], 76 AD3d 740, 741 [2010]; Matter of Eisenstadt [Commissioner of Labor], 10 AD3d 764, 765 [2004]). Under the circumstances herein, we find no basis to disturb the Board’s finding that claimant’s actions in grabbing and injuring a coworker constituted misconduct, rather than “poor judgment” on her part (see Matter of Ripley [Buckbee-Mears Cortland— Commissioner of Labor], 284 AD2d 877, 877 [2001]).
Peters, P.J., Lahtinen, McCarthy and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.