■ In the Matter of the Claim of VIVIAN THOMPSON, Appellant. NEW YORK CITY OFFICE OF THE BRONX BOROUGH PRESIDENT, Respondent; COMMISSIONER OF LABOR, Respondent. [703 NYS2d 819] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 13, 1998, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant's employment as a municipal community associate was terminated after she was involved in an altercation with a co-worker at a work-related press conference. Following a hear-

ing, the Administrative Law Judge (hereinafter ALJ) concluded that the evidence established that claimant had hit her co-worker after the co-worker had attempted to grab coffee from claimant's hand, thereby burning claimant. The ALJ also held that although this was a technical violation of the employer's code of conduct, claimant's response was a reaction to having coffee spilled on her. Accordingly, the ALJ found that claimant's conduct did not rise to the level of misconduct so as to disqualify her from receiving unemployment insurance benefits. After making different factual findings as to what had occurred the Unemployment Insurance Appeal Board reversed the ALJ's determination, concluding that claimant's conduct rose to the level of misconduct and that she was disqualified from receiving unemployment benefits. The Board concluded that the co-worker's arms were at her side at the time claimant slapped her, and it rejected claimant's assertion that she gently tapped the co-worker after she grabbed claimant's wrist.

Claimant's contention that the ALJ's determination should have been affirmed since the ALJ was in the best position to observe witnesses and resolve credibility issues is without merit. It is well settled that "credibility issues and the inferences to be drawn from the evidence are within the exclusive province of the Board * * *. This holds true, notwithstanding the fact that the Board did not view the witnesses or that the ALJ, who did, reached a different result, provided that substantial evidence supports the ultimate determination" (*Matter of Padilla [Sephardic Home for Aged—Roberts]*, 113 AD2d 997, 997-998 [citations omitted]; *see, Matter of Di Maria [Ross]*, 52 NY2d 771, 772; *Matter of Elewa [Commissioner of Labor]*, 249 AD2d 618). Furthermore, claimant's differing version of what transpired presented a credibility issue which the Board was entitled to resolve against her (*see, Matter of Love [Commissioner of Labor]*, 249 AD2d 674). Regardless of who initiated the exchange, fighting with a co-worker during work hours may be found to constitute disqualifying misconduct (*see, Matter of Williams [National School Bus Serv.—Commissioner of Labor]*, 257 AD2d 839; *Matter of Love [Commissioner of Labor]*, supra). Accordingly, we see no basis upon which to disturb the Board's decision supported as it is by substantial evidence.

Cardona, P. J., Spain, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.