■ In the Matter of the Claim of TANYA PETROSOV, Appellant. COMMISSIONER OF LABOR, Respondent. [727 NYS2d 528] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 8, 2000, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was discharged from her employment as a cashier

for allegedly stealing money from the cash register. Following an initial determination by respondent that claimant was eligible to receive unemployment insurance benefits, the employer objected, asserting that claimant had been discharged under disqualifying circumstances. Following a hearing, the Administrative Law Judge determined that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct. The Unemployment Insurance Appeal Board affirmed the Administrative Law Judge's decision and this appeal by claimant ensued.

We affirm. Notwithstanding claimant's assertion that the Board's decision should be reversed inasmuch as the employer subsequently withdrew his objection to her eligibility to receive benefits, we find that substantial evidence supports the Board's finding that claimant engaged in disqualifying misconduct. It is well settled that "[a]n employee's apparent dishonesty or failure to comply with the employer's established policies and procedures can constitute disqualifying misconduct" (*Matter of Huggins [Samaritan Med. Ctr.—Commissioner of Labor]*, 257 AD2d 877, 878; *see, Matter of Williams [Commissioner of Labor]*, 262 AD2d 903, 905). To the extent that claimant's version of the events surrounding her termination differed from that of the employer, this conflict presented a credibility issue for the Board to resolve (*see, Matter of Derian [Sweeney]*, 239 AD2d 722, 723).

Mercure, J. P., Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.