■ In the Matter of the Claim of ROBERT CERVONE, Appellant. COMMISSIONER OF LABOR, Respondent. [731 NYS2d 807] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 22, 2001, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant, a clerk at a delicatessen, was discharged after he failed to charge a customer for a sandwich and offered no explanation for his actions when confronted by management. The record establishes that claimant was aware of the employer's policy of not giving away food, having previously been warned about such conduct. Failure to abide by an employer's known policies and acting in a manner contrary to the employer's financial interest have been held to constitute disqualifying misconduct (*see, Matter of Gewirtz [Commissioner of Labor]*, 276 AD2d 1011; *Matter of Titus [Sweeney]*, 220 AD2d 919). Under the circumstances presented here, substantial evi-

dence supports the decision of the Unemployment Insurance Appeal Board that claimant lost his employment due to disqualifying misconduct. Claimant's exculpatory explanation that he gave away the sandwich because the customer was dissatisfied with a sandwich that she had received the previous day presented a credibility issue for the Board to resolve (*see, Matter of Gewirtz [Commissioner of Labor], supra*).

Spain, J. P., Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.