■ In the Matter of the Claim of JOSE ALVAREZ, Appellant. UNITED PARCEL SERVICE, INC., Respondent; COMMISSIONER OF LABOR, Respondent. [747 NYS2d 62]

Claimant was employed for over 13 years as a driver for the employer, a parcel delivery service. During his last six months of employment, claimant was involved in three traffic accidents while on duty. When he returned to work after the last accident, he was assigned to work as a return clerk, correcting the delivery addresses on packages which were undeliverable. While performing this job, claimant changed the address labels on six packages (containing four computers, an air conditioner and a radio) so that they would be delivered to his residence or to those of his associates. When this conduct came to the employer's attention, claimant was discharged.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board that claimant was disqualified from receiving unemployment insurance benefits because he lost his employment due to misconduct. "An employee's apparent dishonesty * * * can constitute disqualifying misconduct" (*Matter of Huggins [Samaritan Med. Ctr.—Commissioner of Labor]*, 257 AD2d 877, 878; *see Matter of Petrosov [Commissioner of Labor]*, 284 AD2d 874, 875). Here, claimant admitted that he had intentionally diverted the property in question. One of the employer's representatives testified that two of the stolen items were found in claimant's garage. Claimant's assertion that his judgment was clouded at the time of the theft by

anti-anxiety medication is not supported by medical testimony or documentary evidence in the record (*see Matter of Harpule [Sweeney]*, 241 AD2d 610). The remaining contentions submitted by claimant have been examined and found to lack merit. The Board's decision, accordingly, will not be disturbed.

Cardona, P.J., Peters, Spain, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.