■ In the Matter of the Claim of VIVIAN G. WASHINGTON, Appellant. COMMISSIONER OF LABOR, Respondent. [757 NYS2d 366] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 11, 2002, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was discharged from her employment as a family homemaker for a children's aid society after she was accused of stealing a coworker's purse and using one of the credit cards without authorization. The Unemployment Insurance Appeal Board, overruling the decision of the Administrative Law Judge, found that claimant was disqualified from receiving unemployment insurance benefits because she lost her employment due to misconduct. We affirm.

"An employee's apparent dishonesty * * * can constitute disqualifying misconduct" (*Matter of Huggins [Samaritan Med. Ctr.—Commissioner of Labor]*, 257 AD2d 877, 878 [1999] [citations omitted]; see *Matter of Alvarez [United Parcel Serv.—Commissioner of Labor]*, 297 AD2d 859 [2002]). Although claimant maintains that she was falsely accused, the Board was free to credit the testimony of the cardholder and a coworker, who stated that they were able to positively identify claimant from a surveillance video taken at the store where the unauthorized transaction occurred (see generally *Matter of Titus [Sweeney]*, 220 AD2d 919 [1995]). In view of the foregoing, substantial evidence supports the Board's decision that claimant, whose employment position required a high standard of honesty and integrity, engaged in disqualifying misconduct (see *Matter of Titus [Sweeney], supra; Matter of Barrientos [Hudacs]*, 190 AD2d 926 [1993]), notwithstanding the fact that the criminal charges against claimant were dismissed (see *Matter of Rivera [Catherwood]*, 28 AD2d 1036 [1967]).

Mercure, J.P., Crew III, Spain, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.