■ In the Matter of the Claim of TAMMY K. BURGESS, Appellant. RAPID RESPONSE MONITORING SERVICES, INC., Respondent; COMMISSIONER OF LABOR, Respondent. [762 NYS2d 310] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 18, 2002, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was discharged from her employment after it was discovered that she had entered the employer's premises after regular business hours and used a computer to download a confidential list of the employer's customers. This conduct violated the employer's written policy, set forth in its employee handbook, prohibiting employees from copying and removing confidential information from the workplace. The Unemployment Insurance Appeal Board ruled that claimant had lost her employment due to disqualifying misconduct. Claimant appeals.

The failure to comply with an employer's established policies

and procedures may disqualify a claimant from receiving unemployment insurance benefits, especially when such conduct is counter to the employer's best interests (*see Matter of Cervone [Commissioner of Labor]*, 288 AD2d 535 [2001]; *Matter of Petrosov [Commissioner of Labor]*, 284 AD2d 874, 875 [2001]). Substantial evidence in the form of the testimony and documentary evidence presented at the administrative hearing supports the Board's finding that claimant knowingly violated the employer's established policies and that such conduct potentially undermined the financial interests of the employer. The conflicting testimony given by claimant raised issues of credibility for resolution by the Board (*see Matter of Martinez [Commissioner of Labor]*, 288 AD2d 684, 685 [2001]; *Matter of Jedrak-Perz [Sweeney]*, 226 AD2d 858 [1996]). Claimant's remaining contentions have been reviewed and found to be without merit.

Cardona, P.J., Crew III, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.