**29** In the Matter of the Claim of KEITH ALEXANDER, Appellant. COMMISSIONER OF LABOR, Respondent. [771 NYS2d 259]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 18, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant attended a benefits seminar at which one of the presenters inadvertently left her cell phone on a cabinet. When the presenter realized later in the day that her cell phone was missing, an investigation ensued, which ultimately resulted in claimant being discharged from employment for stealing the cell phone, making several calls (including long distance calls) and providing misleading information to investigators. The Unemployment Insurance Appeal Board denied claimant's subsequent application for unemployment insurance benefits due to disqualifying misconduct.

We affirm. "An employee's apparent dishonesty . . . can constitute disqualifying misconduct" (*Matter of Huggins [Samaritan Med. Ctr.—Commissioner of Labor]*, 257 AD2d 877, 878 [1999] [citations omitted]). Here, the calls in question were linked to claimant, and testimony at the hearing established that he offered to reimburse the owner of the telephone for any charges incurred. Claimant's denial that he was responsible for the theft of the cell phone presented a credibility issue for the Board to resolve (*see Matter of Washington [Commissioner of Labor]*, 304 AD2d 896 [2003]). In view of the foregoing and the inferences to be drawn therefrom, substantial evidence supports the Board's decision that claimant lost his employment due to disqualifying misconduct (*see id.*; *Matter of Barrientos [Hudacs]*, 190 AD2d 926 [1993]).

Mercure, J.P., Crew III, Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.