■ In the Matter of the Claim of MARK F. DAOUST, Appellant. OVERNIGHT TRANSPORTATION COMPANY, Respondent; COMMISSIONER OF LABOR, Respondent. [772 NYS2d 616]—

Peters, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 20, 2002, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant, a truck driver, was discharged by his employer for his alleged involvement in the theft of some chainsaws he was tasked with delivering to a customer. In connection with this incident, claimant was later arrested and charged with criminal

possession of stolen property in the third degree, a class D felony. Claimant pleaded guilty to the reduced charge of attempted criminal possession of stolen property in the fifth degree. Following a hearing, an Administrative Law Judge upheld the initial determination that claimant was eligible for unemployment insurance benefits. The Unemployment Insurance Appeal Board reversed, ruling that claimant was disqualified from receiving such benefits because his employment was terminated due to misconduct. Claimant appeals and we affirm.

Contrary to claimant's contention, we find that the Board's decision is supported by substantial evidence. It is well settled that "[a]n employee's apparent dishonesty . . . can constitute disqualifying misconduct" (*Matter of Huggins [Samaritan Med. Ctr.—Commissioner of Labor]*, 257 AD2d 877, 878 [1999]; *see Matter of Petrosov [Commissioner of Labor]*, 284 AD2d 874, 875 [2001]). Here, claimant admitted at the hearing that he pleaded guilty to attempted criminal possession of stolen property in the fifth degree in connection with his involvement in the theft of the chainsaws. Thus, the Board was entitled to rely on such evidence of claimant's dishonesty, as well as the sworn affidavits of accomplices implicating claimant in the crime, as a basis for disqualification (*see* Labor Law § 593 [3]; *Matter of Edwards [New York City Police Dept.—Commissioner of Labor]*, 1 AD3d 679 [2003]; *Matter of Zegarelli [Sweeney]*, 241 AD2d 616 [1997]). Although claimant maintains his innocence and argues that the Board failed to properly weigh other mitigating circumstances surrounding his plea, such conflicting evidence presented credibility issues falling within the exclusive province of the Board, which was not obligated to adopt the Administrative Law Judge's contrary credibility determinations (*see Matter of Cooney [Consolidated Edison Co. of N.Y.—Commissioner of Labor]*, 283 AD2d 820, 821 [2001]; *Matter of Thompson [New York City Off. of Bronx Borough President—Commissioner of Labor]*, 270 AD2d 551, 552 [2000]). Claimant's remaining arguments have been considered and rejected as lacking in merit.

Mercure, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.