■ In the Matter of the Claim of JOSEPH S. BUCOLO, Appellant. COMMISSIONER OF LABOR, Respondent. [774 NYS2d 454]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 10, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant was disqualified from receiving unemployment insurance benefits because he lost his employment as a warehouse packer due to misconduct. The record establishes that claimant was discharged

after claimant's friend made numerous threatening telephone calls to claimant's supervisor following a disagreement between claimant and his supervisor. Although claimant denies threatening the supervisor or asking his friend to do so, claimant pleaded guilty to criminal solicitation in connection with the incident. Inasmuch as threatening a supervisor can constitute disqualifying misconduct (*see Matter of Ramos [Commissioner of Labor]*, 306 AD2d 791 [2003]; *Matter of Shaw [S'il Vous Plait Message Mgt. Ctr.—Commissioner of Labor]*, 302 AD2d 655 [2003]; *Matter of Vega [Hartnett]*, 168 AD2d 727, 728 [1990]), we find no reason to disturb the Board's decision under these circumstances.

Cardona, P.J., Crew III, Peters, Mugglin and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.