■ In the Matter of the Claim of Tonya A. Olmstead, Appellant. Commissioner of Labor, Respondent. [777 NYS2d 776]—

Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed February 20, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct, and (2) from a decision of said Board, filed April 22, 2003, which, upon reconsideration, adhered to its original decision.

Claimant was discharged from her position as a sales associate at a gas station and convenience store after she was observed on videotape stealing cigarettes. Criminal charges were brought against her as a result of this incident and were adjourned in contemplation of dismissal in exchange for her payment of restitution in the amount of $120. The Department of Labor found claimant eligible to receive unemployment insurance benefits and this determination was upheld by an Administrative Law Judge following a hearing. The Unemployment Insurance Appeal Board, however, reversed and disqualified claimant from receiving benefits on the ground that she was terminated due to misconduct. Claimant now appeals.

We affirm. " 'An employee's apparent dishonesty . . . can constitute disqualifying misconduct' " (*Matter of Washington [Commissioner of Labor]*, 304 AD2d 896, 896 [2003], quoting *Matter of Huggins [Samaritan Med. Ctr.—Commissioner of Labor]*, 257 AD2d 877, 878 [1999]; *accord Matter of Alexander [Commissioner of Labor]*, 3 AD3d 827, 827 [2004]). Here, the employer's representative testified at the hearing that he viewed the videotape showing claimant taking the cigarettes and that, after the incident, claimant sent the employer a check for $120. Although claimant denied that she stole anything from the employer, this presented a credibility issue for the Board to resolve (*see Matter of Petrosov [Commissioner of Labor]*, 284 AD2d 874, 875 [2001]; *Matter of Williams [Commissioner of Labor]*, 262 AD2d 903, 903 [1999]).

Spain, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decisions are affirmed, without costs.