■ In the Matter of the Claim of MELISSA A. DE RUBY, Appellant. COMMISSIONER OF LABOR, Respondent. [781 NYS2d 544]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 26, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant, an account administrator for a bank, met with several high-ranking bank officials and explained her dissatisfaction with her manager and her recent performance evaluation.

During the meeting, one of the bank officials raised his voice to claimant. The following day, claimant submitted a resignation letter effective July 3, 2003. Thereafter, claimant agreed with the employer's suggestion that she leave prior to the date indicated in her resignation letter.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board ruling that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause. Neither criticism of one's job performance nor failure to get along with one's supervisor who is perceived as unduly harsh or critical constitutes good cause for leaving employment (*see Matter of Emeterio [Commissioner of Labor]*, 1 AD3d 869 [2003]; *Matter of Grayson [Commissioner of Labor]*, 288 AD2d 599, 600 [2001]; *Matter of Grippi [Commissioner of Labor]*, 257 AD2d 883 [1999]). Moreover, the record demonstrates that claimant could have remained in her job until the end of her notice period. Any conflict regarding the manner in which her employment ultimately ended created a credibility issue for the Board to resolve (*see Matter of Zakrzewski [Commissioner of Labor]*, 305 AD2d 790 [2003]; *Matter of Williams [Commissioner of Labor]*, 297 AD2d 857 [2002]). Claimant's remaining contentions have been reviewed and found to be without merit.

Mercure, J.P., Spain, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.