■ In the Matter of the Claim of JENNIFER S. GALLAGHER, Appellant. COMMISSIONER OF LABOR, Respondent. [785 NYS2d 593]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 28, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant lost her employment as a route salesperson for a specialty food distributor due to disqualifying misconduct. It is well settled that violating a known policy of the employer or acting in a manner that is contrary to the employer's best interests can constitute disqualifying misconduct (*see Matter of Phillips [Organon Pharms.—Commissioner of Labor]*, 10 AD3d 755 [2004]; *Matter of Zimmerman [Commissioner of Labor]*, 263 AD2d 753, 753-754 [1999]; *Matter of Simpson [Commissioner of Labor]*, 254 AD2d 611, 611 [1998]). Here, the record establishes that the employer's mileage reimbursement policy required employees to exclude 30 miles a day for commute travel from the mileage claim form. Although the policy was not previously enforced and claimant testified that she was told at the time she was hired to disregard the 30-mile-a-day deduction, the record establishes that the policy had changed during the course of her

employment and she had been instructed and counseled about complying with the employer's daily mileage deduction. Furthermore, the new reimbursement form had a specific column for deducting the required daily mileage, and an explanation on how to fill it out was sent to all the employees. Claimant nevertheless added 30 miles to her total mileage before deducting the required mileage. Inasmuch as claimant inflated her mileage reimbursement reports by not complying with the employer's policy to deduct commuting mileage, we find no reason to disturb the Board's decision finding that claimant was disqualified from receiving unemployment insurance benefits because she lost her employment due to misconduct. To the extent that claimant maintained that deducting mileage from the mileage reimbursement forms was not enforced and denied submitting fraudulent mileage reimbursement forms, this created a credibility issue for the Board to resolve (*see Matter of Di Maria [Ross]*, 52 NY2d 771 [1980]). Claimant's remaining contentions, including that the determination was based on hearsay evidence, that she was denied the right to a fair hearing and that the remand hearing failed to comply with the Board's instructions, have been reviewed and found to be without merit.

Cardona, P.J., Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.