■ In the Matter of the Claim of SANDRA A. GALLOWAY, Appellant. COMMISSIONER OF LABOR, Respondent. [786 NYS2d 657]—

Spain, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 24, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was employed beginning in November 2001 as a sociotherapist trainee at The Children's Village (hereinafter the employer), a residential treatment facility entrusted with the care of children and licensed by the Office of Children and Family Services (hereinafter OCFS). As part of the application and interview process, claimant certified that she had never been the subject of an indicated report of child abuse or maltreatment. Following an inquiry by the employer (*see* Social Services Law § 424-a [1] [b] [i]), OCFS notified claimant for the first time by letter of January 28, 2002 that she was the subject of such an indicated report and that she had 90 days within which to seek administrative review (*see* Social Services Law § 422 [8]). Claimant neither timely pursued such review nor informed the employer of the existence of the indicated report.

In June 2002, after OCFS notified the employer of the indicated report (Social Services Law § 422 [4] [A] [i]; § 424-a [1] [e] [i]), claimant was discharged due to her failure to disclose such report. Claimant's request for unemployment insurance benefits was denied. During the ensuing May 2003 unemployment administrative hearing, claimant received and introduced into evidence a letter reflecting that her belatedly requested OCFS administrative review was complete and that the report had been amended as "unfounded" (*see* Social Services Law § 422 [5] [a]). However, the Administrative Law Judge ultimately determined that claimant's nondisclosure of the indicated report constituted misconduct and upheld the denial of benefits, and the Unemployment Insurance Appeal Board affirmed. Claimant appeals, and we affirm.

Under well-settled principles governing our review of unemployment decisions, " '[t]he determination of whether conduct that precipitated a person's discharge constitutes disqualifying misconduct presents an issue of fact for resolution by the Board' " (*Matter of Pfohl [Hunter's Hope Found., Inc.— Commissioner of Labor]*, 9 AD3d 729, 730 [2004], quoting *Mat-*

ter of Nunziata [Putnam County Natl. Bank of Carmel—Commissioner of Labor], 295 AD2d 667, 668 [2002]). An employee's apparent dishonesty can constitute misconduct (see Matter of Olmstead [Commissioner of Labor], 8 AD3d 727, 728 [2004]; Matter of Washington [Commissioner of Labor], 304 AD2d 896, 896 [2003]).

Here, as the Board's decision is supported by substantial evidence, it will not be disturbed (see Matter of Washington [Commissioner of Labor], supra at 896; Matter of Shene [Commissioner of Labor], 304 AD2d 942, 942 [2003]). The uncontroverted evidence is that after receiving notice of the indicated report, claimant failed to disclose it to her employer despite clear notice—provided by her job application, interview and "child abuse register certification status form"—of the significance of an indicated report and her ongoing obligation to disclose such a report. Claimant's continuing disclosure obligation was particularly important and apparent given the nature of claimant's direct work with vulnerable children and, indeed, the signed certification status form unambiguously apprised claimant that the existence of a report affected her suitability for this position and that any misrepresentations of her status could result in discipline or dismissal.

Despite claimant's contrary contentions, the fact that the report was ultimately determined to be unfounded, upon a belated OCFS review, does not undermine the Board's conclusion that claimant's failure to disclose the then-indicated report to her employer (even after the time period to seek administrative review of the report had expired) constituted misconduct. Also, claimant's reliance on the confidentiality protection for unfounded reports—excluding their admission in administrative or judicial proceedings—is unavailing (see Social Services Law § 422 [5] [b]). Neither the report nor its contents was admitted into evidence and it is not part of the record on appeal. Rather, the narrow issue here was claimant's notice of the report and failure to disclose it to her employer, not the truth of the information contained in the report. Moreover, at the time OCFS informed the employer that claimant was the subject of an indicated report—June 2002—the time for her to seek administrative review had passed without any such request having been made (see Social Services Law § 422 [8]) and no review was pending. Thus, no statutory nondisclosure provision was in operation, requiring OCFS to inform the employer of the report (see Social Services Law § 424-a [1] [a], [e]). Claimant's remaining arguments lack merit and, thus, the decision denying benefits must be affirmed.

938

Cardona P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered decision is affirmed, without costs.