In the Matter of the Claim of PEGGY J. KEELER, Appellant. COMMISSIONER OF LABOR, Respondent. [788 NYS2d 703]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 16, 2004, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant worked as a nursing assistant at a residential health care facility. In July 2003, she withdrew $70 from a resident's account purportedly to purchase items requested by the resident. On July 31, 2003, the employer's representative questioned claimant about the withdrawal and advised her that she had 24 hours within which to produce the receipts. When she failed to do so, claimant was discharged for misappropriating a resident's

---

funds. The Unemployment Insurance Appeal Board disqualified her from receiving unemployment insurance benefits because her employment was terminated due to misconduct. Claimant now appeals.

We affirm. We note that an employee's apparent dishonesty can constitute disqualifying misconduct (*see Matter of Alexander [Commissioner of Labor]*, 3 AD3d 827, 827 [2004]; *Matter of Washington [Commissioner of Labor]*, 304 AD2d 896, 896 [2003]). Here, the employer's representative testified that claimant failed to provide proof of her purchase of items for the resident's benefit even though she was informed that her employment was in jeopardy if she did not do so. Her excuse that she had inadvertently left the receipts in the car and that her car was unavailable because it had been borrowed by a friend presented a credibility issue for the Board to resolve (*see Matter of Olmstead [Commissioner of Labor]*, 8 AD3d 727, 728 [2004]). Therefore, we decline to disturb the Board's decision.

Mercure, J.P., Peters, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.