■ In the Matter of the Claim of IN SUN SMITH, Appellant. COMMISSIONER OF LABOR, Respondent. [804 NYS2d 462]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 30, 2004, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant, a sales associate at a department store, was terminated from her position for stealing money from her employer. Although she initially was awarded unemployment insurance benefits, the Unemployment Insurance Appeal Board

subsequently disqualified claimant from receiving benefits on the ground that she lost her employment due to misconduct. The Board also charged claimant with a recoverable overpayment of benefits pursuant to Labor Law § 597 (4) and reduced her right to receive future benefits by eight effective days. Claimant appeals.

An employee's apparent dishonesty can constitute disqualifying misconduct (*see Matter of Olmstead [Commissioner of Labor]*, 8 AD3d 727, 728 [2004]; *Matter of Petrosov [Commissioner of Labor]*, 284 AD2d 874, 875 [2001]). Here, the employer's human resource manager testified that following shortages at a cash register that claimant and others employees used, an envelope containing $60 cash and a credit card payment stub was placed near the register as a loss prevention measure. Although the human resource manager and claimant offered conflicting accounts as to what transpired thereafter, such conflicts in the testimony presented a credibility issue for the Board to resolve (*see Matter of Alexander [Commissioner of Labor]*, 3 AD3d 827, 827 [2004]), and the testimony offered by the human resource manager provides substantial evidence to support the Board's decision. Moreover, given that claimant falsely represented that she was laid off when she applied for benefits, she was properly charged with a recoverable overpayment even if her misstatement was unintentional (*see* Labor Law § 597 [4]; *Matter of Raspallo [Commissioner of Labor]*, 10 AD3d 751, 752 [2004]; *Matter of Spangler [Commissioner of Labor]*, 7 AD3d 848, 849 [2004]).

Crew III, J.P., Peters, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.