■ In the Matter of the Claim of LEONID MEYEROVICH, Appellant. COMMISSIONER OF LABOR, Respondent. [810 NYS2d 558]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 19, 2004, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because he lost his employment due to misconduct.

Claimant worked as a maintenance technician at an apartment complex from June 2003 until April 2004. On April 26, 2004, after claimant had already effectively been placed on

probation for inadequate work performance, the manager of the complex claims that she observed him loafing on the job after she had assigned him to do work on the grounds using a shovel and rake. After watching him for over 30 minutes, she left the viewing area and, within one to two minutes, was informed that he had injured his back while using a shovel. Claimant filed a workers' compensation claim in connection with the incident and reported to work for limited duty on June 30, 2004. However, he was discharged at that time for filing a false workers' compensation claim. Following various proceedings, the Unemployment Insurance Appeal Board disqualified claimant from receiving unemployment insurance benefits because he had been discharged for misconduct and, upon reconsideration, the Board adhered to this decision, prompting this appeal.

Given, among other things, the manager's testimony that she did not observe claimant ever use a shovel during the entire time that she secretly observed him, we find substantial evidence supporting the Board's decision (*see Matter of Smith [Commissioner of Labor]*, 23 AD3d 973 [2005]; *Matter of Canter [Sweeney]*, 228 AD2d 842 [1996]). The conflicting testimony provided by claimant presented a credibility issue for the Board to resolve (*see Matter of Smith [Commissioner of Labor], supra*; *Matter of Iglesias [Commissioner of Labor]*, 297 AD2d 849, 850 [2002]). Moreover, although claimant was initially awarded benefits in proceedings before the Workers' Compensation Board, its decisions were not final with respect to the issue of whether claimant, in fact, suffered an accidental injury and, consequently, they are not entitled to collateral estoppel effect in the case at hand (*see generally Ryan v New York Tel. Co.*, 62 NY2d 494, 499 [1984]; *compare Lee v Jones*, 230 AD2d 435 [1997], *lv denied* 91 NY2d 802 [1997]).

Cardona, P.J., Mercure, Peters, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.