■ In the Matter of the Claim of SOPHIE ACKERMANN, Appellant. NEW YORK CITY DEPARTMENT OF CITYWIDE ADMINISTRATIVE SERVICES, Respondent; COMMISSIONER OF LABOR, Respondent.
[818 NYS2d 672]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 21, 2005, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant, a software support specialist in the information technology department of the Kings County District Attorney's office, was terminated after it was discovered that she had logged on to the e-mail accounts of three of her supervisors without their authorization. Claimant denied ever accessing the e-mail accounts except when requested to do so. Following several hearings, an Administrative Law Judge ultimately found that claimant's separation from employment was due to misconduct and denied her application for unemployment insurance benefits. The Unemployment Insurance Appeal Board affirmed and claimant now appeals.

An employee's apparent dishonesty or violation of the employer's policies which is counter to the employer's interests can constitute disqualifying misconduct (see Matter of Smith [Commissioner of Labor], 23 AD3d 973, 974 [2005]; Matter of Pearlstein [Engstrand—Commissioner of Labor], 16 AD3d 947, 947-948 [2005]; Matter of Alexander [Commissioner of Labor], 3 AD3d 827, 827 [2004]; Matter of Burgess [Rapid Response Monitoring Servs.—Commissioner of Labor], 307 AD2d 581, 582 [2003]). Our review of the record confirms that the Board's determination is supported by substantial evidence in the form of claimant's subsequent apology to her supervisor, printed screen shots admitted into evidence reflecting that claimant—identified by her user name—had logged on to her supervisors' e-mail accounts and testimony from her supervisors that they had not authorized her to access their accounts. Claimant's testimony denying any wrongdoing presented a credibility issue for the Board to resolve (see Matter of Pearlstein [Engstrand—Commissioner of Labor], supra at 947-948; Matter of Alexander [Commissioner of Labor], supra at 827). Accordingly, we will not disturb the Board's determination.

Mercure, J.P., Crew III, Peters, Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.