■ In the Matter of the Claim of JAMES R. BENDER, Appellant. OLUMS OF BINGHAMTON, INC., Respondent; COMMISSIONER OF LABOR, Respondent. [826 NYS2d 843]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 1, 2005, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

From October 2002 through April 2005, claimant worked for a furniture retailer as a refinisher in the warehouse shop. He was discharged after he attempted to steal a mattress pad from the warehouse. The Unemployment Insurance Appeal Board denied his claim for unemployment insurance benefits on the ground that he was discharged for misconduct. Claimant now appeals.

We affirm. It is well settled that an employee's apparent dishonesty may constitute disqualifying misconduct (*see Matter of Smith [Commissioner of Labor]*, 23 AD3d 973, 974 [2005]; *Matter of Olmstead [Commissioner of Labor]*, 8 AD3d 727, 728 [2004]). Here, the employer's representatives testified that claimant was observed on a surveillance videotape with a mattress pad under his coat in the vestibule area where the employees punched in and out of work. They stated that when the pad fell out from underneath claimant's coat, he left it in the vestibule area and walked away. It may reasonably be inferred from such testimony that claimant attempted to steal the mattress pad and, consequently, substantial evidence supports the Board's finding that he was terminated for misconduct. Claimant's testimony that he did not intend to steal the mattress pad but was going to make an inquiry about purchasing it presented a credibility issue for the Board to resolve (*see Matter of Olmstead [Commissioner of Labor]*, supra at 728).

Cardona, P.J., Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.