■ In the Matter of the Claim of DANIEL J. CONGDON, Appellant. COMMISSIONER OF LABOR, Respondent. [839 NYS2d 263]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 13, 2006, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant worked for the employer at its convenience store for over three years, his last position being a manager in training. At the conclusion of one of his shifts, there was a shortage of more than $400 in claimant's cash drawer. Claimant, however, indicated in paperwork that he was over by $50. When claimant was notified of this discrepancy, he returned to the store and apparently found the money in an envelope next to the cash register. Nevertheless, he was terminated for falsifying his shift report. The Unemployment Insurance Appeal Board disqualified him from receiving unemployment insurance benefits on the basis that his employment was terminated due to misconduct and adhered to this decision upon reconsideration. Claimant appeals.

We affirm. An employee's apparent dishonesty has been held to constitute disqualifying misconduct (see Matter of Whaley [Commissioner of Labor], 38 AD3d 1084, 1085 [2007]; Matter of Smith [Commissioner of Labor], 23 AD3d 973, 974 [2005]). Here, the evidence is undisputed that claimant's shift report did not accurately represent the amount of money in his cash drawer

and that he had received prior warnings about cash shortages. Claimant's exculpatory explanation for the discrepancy presented an issue of credibility for the Board to resolve (*see Matter of Whaley [Commissioner of Labor], supra* at 1085; *Matter of Tobin [Commissioner of Labor]*, 20 AD3d 839, 840 [2005]). Therefore, we find no reason to disturb its decision.

Cardona, P.J., Mercure, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.