■ In the Matter of the Claim of CARYN ANDREANI, Appellant. HPP RINX, INC., Respondent; COMMISSIONER OF LABOR, Respondent. [843 NYS2d 727]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 26, 2006, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant worked as a general ledger bookkeeper for the employer for nearly one year. Toward the close of the employer's fiscal year, she obtained payroll information, to which she would not have otherwise have had access, by falsely representing to a vice-president that she needed it in connection with a project that she was working on for the company's accountant. She then used the information to make accusations that another

employee was cheating the company by receiving compensation for hours she did not work, which accusations proved to be unfounded. The employer found claimant to be untrustworthy and terminated her employment. The Unemployment Insurance Appeal Board subsequently ruled that she was disqualified from receiving unemployment insurance benefits because her employment was terminated for misconduct. Claimant now appeals.

We affirm. "An employee's apparent dishonesty has been held to constitute disqualifying misconduct" (*Matter of Whaley [Commissioner of Labor]*, 38 AD3d 1084, 1085 [2007] [citations omitted]; *see Matter of Bender [Olums of Binghamton, Inc.—Commissioner of Labor]*, 36 AD3d 1041, 1042 [2007]). Here, significant proof was adduced that claimant obtained access to restricted information under false pretenses and for an ulterior purpose. Claimant's denial of wrongdoing and exculpatory explanation for her conduct presented a question of credibility for the Board to resolve (*see Matter of Bender [Olums of Binghamton, Inc.—Commissioner of Labor]*, 36 AD3d at 1042; *Matter of Fulcher [Commissioner of Labor]*, 32 AD3d 1064, 1064-1065 [2006]). Inasmuch as substantial evidence supports the Board's decision, we decline to disturb it.

Cardona, P.J., Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.