In the Matter of the Claim of CARA J. DAVID, Appellant. COMMISSIONER OF LABOR, Respondent. [860 NYS2d 298]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 22, 2007, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board ruling that claimant, a news writer, was discharged from her employment due to disqualifying misconduct—namely, violating the employer's policy prohibiting an employee from recording conversations in the workplace without the prior approval of the human resources department or the consent of all parties. Claimant admitted

that she brought a tape recorder to a meeting with three members of the employer's management team with the intent to record the ensuing conversation. Although claimant professed to be unaware of the policy governing the recording of conversations in the workplace, she nonetheless acknowledged receiving a copy of the employer's handbook setting forth its policy in this regard. Similarly, while claimant turned off the recorder when asked to do so, she also admitted that she previously recorded a conversation with her supervisor. Absent any indication that claimant obtained the required approval or consent in advance, her violation of the employer's established policy could be found to constitute disqualifying misconduct (*see Matter of Goldman [Bronx-Lebanon Hosp. Ctr.—Commissioner of Labor]*, 42 AD3d 847 [2007]; *Matter of Ackermann [New York City Dept. of Citywide Admin. Servs.—Commissioner of Labor]*, 31 AD3d 1040 [2006]; *Matter of Gallagher [Commissioner of Labor]*, 13 AD3d 702 [2004]).

As a final matter, claimant admitted that she was discharged but nonetheless indicated, when filing for unemployment insurance benefits, that she lost her employment due to a lack of work. Under such circumstances, we find no basis upon which to disturb the Board's finding that claimant made a willful false statement to obtain unemployment insurance benefits (*see Matter of Attara [Permis Constr. Corp.—Commissioner of Labor]*, 257 AD2d 936, 937 [1999]).

Cardona, P.J., Spain, Rose, Kane and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.