■ In the Matter of the Claim of DAVID V. SINGLETON, Appellant. COMMISSIONER OF LABOR, Respondent. [875 NYS2d 615]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 29, 2008, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant, a security officer, was discharged from his employment due to misconduct. "An employee's apparent dishonesty can constitute disqualifying misconduct" (*Matter of Cincu [Sutton House, Inc.—Commissioner of Labor]*, 43 AD3d 528, 529 [2007], *lv denied* 10 NY3d 714 [2008] [citation omitted]; *see Matter of Bender [Olums of Binghamton, Inc.—Commissioner of Labor]*, 36 AD3d 1041, 1042 [2007]), particularly where the employment position at issue requires a high standard of honesty and integrity (*see Matter of Washington [Commissioner of Labor]*, 304 AD2d 896 [2003]). Here, the employer's representative testified that claimant was observed on a surveillance videotape removing 14 ergonomic chairs from the facility where he was assigned. Claimant was arrested and later agreed to make restitution and plead guilty to a misdemeanor charge in satisfaction of a multicount indictment. Although claimant denies any wrongdoing, this creates a credibility issue and the record as a whole is sufficient to support the finding of misconduct (*see Matter of Bender [Olums of Binghamton, Inc.—Commissioner of Labor]*, 36 AD3d at 1042; *Matter of Ackermann [New York City Dept. of Citywide Admin. Servs.—Commissioner of Labor]*, 31 AD3d 1040 [2006]; *Matter of Olmstead [Commissioner of Labor]*, 8 AD3d 727, 728 [2004]). Accordingly, the Board's decision is affirmed.

Cardona, P.J., Mercure, Rose, Kavanagh and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.