■ In the Matter of MONITA JOHNSON, Appellant. COMMISSIONER OF LABOR, Respondent. [890 NYS2d 134]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 11, 2008, which ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant worked as a home health care aide. After arriving at a patient's home one morning and discovering that another health care aide had been assigned there, claimant contacted a supervisor by telephone. The supervisor explained that the patient's family had requested that she be replaced by a new aide. After being informed that there had been similar complaints from other patients, claimant informed the supervisor that she was tired of the supervisor removing her from assignments and resigned her employment. Claimant was granted unemployment insurance benefits by an Administrative Law Judge, who credited her claim that she was fired, but she was subsequently disqualified by the Unemployment Insurance Appeal Board on the ground that she voluntarily left her employment without good cause. The Board also charged claimant with an overpayment of benefits and her right to receive future benefits was reduced due to her willful misrepresentation on her application for benefits that she had been discharged. Claimant appeals.

We affirm. "Neither criticism of one's job performance nor failure to get along with one's supervisor who is perceived as unduly harsh or critical constitutes good cause for leaving employment" (*Matter of De Ruby [Commissioner of Labor]*, 10 AD3d 757, 758 [2004] [citations omitted]). Here, evidence was presented that claimant was frustrated by this supervisor's criticism of her work and she left her employment as a result. While claimant testified that she was terminated by the employer and did not resign, this presented a credibility issue for the Board to resolve (*see Matter of Goldberg [Commissioner of Labor]*, 55 AD3d 1120, 1121 [2008]; *Matter of Seiglar [Commissioner of Labor]*, 51 AD3d 1118, 1118 [2008]), and it was not bound by the Administrative Law Judge's assessment of claimant's credibility (*see Matter of Daoust [Overnight Transp. Co.—Commissioner of Labor]*, 5 AD3d 828, 829 [2004]). Finally, there is no reason to disturb the Board's determination that claimant had made a willful misrepresentation when applying for benefits by certifying that she was discharged. This warranted the Board's decision to charge her with an overpayment of benefits and impose a forfeiture penalty (*see Matter of Tubiak [Commissioner of Labor]*, 39 AD3d 992, 992-993 [2007]).

Cardona, P.J., Rose, Kane, Kavanagh and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.