■ In the Matter of the Claim of RADAMES M. VELEZ, Appellant. COMMISSIONER OF LABOR, Respondent. [894 NYS2d 220]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 26, 2009, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant worked as a respiratory therapist at a hospital for over 14 years. While claimant was administering treatment, a female patient accused him of inappropriate physical contact. A criminal charge was filed against claimant as a result. He pleaded guilty to a reduced charge of harassment in the second degree (*see* Penal Law § 240.26 [1]), received a conditional discharge and his file was sealed. The Unemployment Insurance Appeal Board subsequently ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct. Claimant appeals.

We affirm. "It is well settled that offensive behavior in the workplace which is detrimental to the employer's best interest constitutes disqualifying misconduct" (*Matter of Williams [Commissioner of Labor]*, 32 AD3d 1089, 1090 [2006] [citations omitted]). Here, claimant's plea of guilty to a reduced criminal charge of harassment formed the basis for his discharge and entailed offensive physical contact that was strictly prohibited by the employer's rules and clearly adverse to the employer's interests. This provides substantial evidence supporting the

Board's finding of misconduct (*Matter of Singleton [Commissioner of Labor]*, 60 AD3d 1230 [2009]; *Matter of Bucolo [Commissioner of Labor]*, 6 AD3d 917 [2004]; *Matter of Daoust [Overnight Transp. Co.—Commissioner of Labor]*, 5 AD3d 828 [2004]). Claimant's challenge to the validity of the guilty plea and its ramifications is more properly brought in the context of the criminal proceeding. Although claimant denied engaging in any inappropriate conduct, this presented a credibility issue for the Board to resolve (*see Matter of Singleton [Commissioner of Labor]*, 60 AD3d at 1231; *Matter of Williams [Commissioner of Labor]*, 32 AD3d at 1090). Consequently, we find no reason to disturb the Board's decision.

Mercure, J.P., Rose, Lahtinen, Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.