■ In the Matter of the Claim of RICHARD PONCE, Appellant. COMMISSIONER OF LABOR, Respondent. [907 NYS2d 340]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 2, 2009, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant worked as a bank teller for Citibank for approximately six months until he was terminated for having made a threat against a coworker. He subsequently applied for unemployment insurance benefits and the Department of Labor issued an initial determination finding him ineligible because he lost his employment due to misconduct. Ultimately, the Unemployment Insurance Appeal Board sustained the determination and claimant now appeals.

Whether an employee lost his or her employment through misconduct is a factual question for the Board to resolve and its determination will not be disturbed if supported by substantial evidence, notwithstanding the fact that evidence exists that could have supported a contrary result (*see Matter of Grace [Astrocom Elecs., Inc.—Commissioner of Labor]*, 69 AD3d 1156, 1157 [2010]; *Matter of Kuryla [Finger Lakes Community Coll.—Commissioner of Labor]*, 45 AD3d 1129, 1130-1131 [2007]). It is well established that violent or threatening behavior toward a fellow employee in the workplace may constitute disqualifying misconduct (*see Matter of Santiago [Commissioner of Labor]*, 69 AD3d 1090, 1091 [2010]; *Matter of Mesagna [Commissioner of Labor]*, 59 AD3d 801 [2009]). Here, the Board credited the testimony of claimant's coworker that she heard him threaten another teller in the course of an argument. The Board further credited the testimony of the bank's manager that the threats uttered by claimant were the precipitating factor in his termination. As such, we find that its determination is supported by

substantial evidence. The fact that claimant denied making any threat and asserted that his discharge was premised upon his poor work performance and inability to get along with coworkers raised an issue of credibility for the Board to resolve (*see Matter of Setzer [Commissioner of Labor]*, 69 AD3d 1087 [2010]; *Matter of Kearns [Commissioner of Labor]*, 65 AD3d 1416, 1417 [2009]).

Mercure, J.P., Lahtinen, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.