■ In the Matter of the Claim of PATRICK DOYLE, Appellant. COMMISSIONER OF LABOR, Respondent. [910 NYS2d 325]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 14, 2010, which ruled that, among other things, claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant was employed as an assistant dispatcher for approximately 30 days when, apparently dissatisfied with his hours and wages, he walked off the job. His application for unemployment insurance benefits was denied by the Department of Labor because it determined, among other things, that claimant had left his employment without good cause and made willful misrepresentations to obtain benefits. Claimant was also assessed a charge for overpayments, and his right to receive future benefits was reduced by 16 days. Ultimately, the Unemployment Insurance Appeal Board upheld this decision, and claimant now appeals.

We affirm. The Board, in affirming the denial of benefits, concluded that claimant had voluntarily left his employment because he was dissatisfied with the conditions that existed at

his place of work. This conclusion was supported by statements from two fellow employees that, on the morning of June 2, 2009, claimant stated that he "had enough of this place" and abruptly left the workplace. As such, there is substantial evidence to support the Board's decision denying him unemployment benefits (*see Matter of Tedesco [Commissioner of Labor]*, 73 AD3d 1412, 1413 [2010]; *Matter of Harris [Commissioner of Labor]*, 71 AD3d 1223, 1224 [2010]). Claimant's contention that he was actually discharged from employment raised a credibility issue for the Board to resolve (*see Matter of Fitzgerald [Commissioner of Labor]*, 73 AD3d 1375 [2010], *lv denied* 15 NY3d 705 [2010]; *Matter of LoRusso [Commissioner of Labor]*, 68 AD3d 1317, 1317-1318 [2009]). Moreover, this evidence provided ample support for the Board's decision that claimant willfully made false statements in an effort to obtain benefits (*see Matter of Sferlazza [Nassau Community Coll.—Commissioner of Labor]*, 69 AD3d 1184, 1185 [2010]). We have examined claimant's remaining arguments, including his contention that he was denied the opportunity to submit relevant evidence on these issues, and find them to be without merit.

Mercure, J.P., Spain, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.