1500

■ In the Matter of CHAD M. LUMBRAZO, Respondent. ENVIRONMENTAL REMEDIATION SERVICES, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [913 NYS2d 408]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 1, 2009, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant worked as a job site supervisor for a demolition and remediation contractor. He was terminated from his position in September 2006 following an incident in which he was observed removing copper tubing from a job site and putting it into his car. The copper tubing apparently belonged to another contractor at the job site and the employer reimbursed the contractor $309.14 for the missing materials. Claimant was initially denied unemployment insurance benefits on the ground that his employment was terminated due to misconduct. Following a hearing, however, the Administrative Law Judge ruled that claimant was entitled to receive benefits. The Unemployment Insurance Appeal Board affirmed this decision, resulting in this appeal.

Initially, an employee's apparent dishonesty, including theft of property, has been held to constitute disqualifying misconduct (*see Matter of Congdon [Commissioner of Labor]*, 41 AD3d 1013, 1013 [2007]; *Matter of Bender [Olums of Binghamton, Inc.—Commissioner of Labor]*, 36 AD3d 1041, 1042 [2007]). However, conflicting testimony was presented here as to whether claimant engaged in dishonest behavior, raising a question of credibility within the province of the Board to decide (*see Matter of Andreani [HPP Rinx, Inc.—Commissioner of Labor]*, 44 AD3d 1210, 1211 [2007]; *Matter of Kinch [Sweeney]*, 244 AD2d 748, 749 [1997]). On the one hand, the employer's president testified that claimant was caught taking the copper tubing from the job site and that criminal charges were filed against him as a result. Claimant, in contrast, maintained that the materials were scrap metal and that he put them in a decontamination unit on the job site. He denied taking the materials home. Furthermore, no evidence was presented that claimant was arrested or that the criminal charges were ever pursued by the District Attorney's office, and the employer did not give claimant a reason for his termination. Thus, while there was evidence in the record that would have supported a contrary conclusion, we find that substantial evidence supports the Board's decision and we decline to disturb it (*see Matter of Bruner [Rochester City School Dist.—Commissioner of Labor]*, 22 AD3d 946, 947 [2005]; *Mat-*

ter of Law [Software Workshop, Inc.—Commissioner of Labor], 20 AD3d 847, 848 [2005]).

Mercure, J.P., Spain, Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.