■ In the Matter of the Claim of MARK L. JOHNSON, Appellant. COMMISSIONER OF LABOR, Respondent. [921 NYS2d 684]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 2, 2007, which ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was the manager of a bowling alley for the employer for approximately three years when his employment ended in May 2002, and he applied for unemployment insurance benefits. The Unemployment Insurance Appeal Board ultimately denied benefits on the basis that claimant lost his employment due to misconduct and imposed a penalty, finding that claimant had made willful misrepresentations to obtain benefits. Claimant now appeals.

We affirm. Whether an employee has lost his or her employment due to misconduct is a factual determination to be made by the Board and its decision will not be disturbed when supported by substantial evidence, notwithstanding the existence of evidence that may support a contrary result (*see Matter of Ponce [Commissioner of Labor]*, 75 AD3d 1041, 1041 [2010]; *Matter of Grace [Astrocom Elecs., Inc.—Commissioner of Labor]*, 69 AD3d 1156, 1157 [2010]). Here, although claimant maintained that he lost his employment when the employer closed the bowling alley that he managed, the employer's regional loss prevention manager and director of human resources for the region both testified that claimant was fired for having stolen nearly $15,000. Theft from an employer clearly constitutes misconduct

(*see Matter of Lumbrazo [Environmental Remediation Servs., Inc.—Commissioner of Labor]*, 79 AD3d 1500, 1500 [2010]; *Matter of Daoust [Overnight Transp. Co.—Commissioner of Labor]*, 5 AD3d 828, 829 [2004]). Significantly, claimant admitted to stealing money, signed a notice that acknowledged that he had been terminated for stealing company funds, and later pleaded guilty to criminal charges and agreed to pay restitution. Inasmuch as it is the Board's province to resolve credibility issues, we find that substantial evidence supports its determination that claimant lost his employment due to misconduct (*see Matter of Lumbrazo [Environmental Remediation Servs., Inc.—Commissioner of Labor]*, 79 AD3d at 1500; *Matter of Doyle [Commissioner of Labor]*, 78 AD3d 1417, 1418 [2010]). Moreover, the Board's determination that claimant made willful false statements to obtain benefits was amply supported by that same evidence (*see Matter of Doyle [Commissioner of Labor]*, 78 AD3d at 1418; *Matter of Sferlazza [Nassau Community Coll.—Commissioner of Labor]*, 69 AD3d 1184, 1185 [2010]).

Mercure, J.P., Spain, Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.