■ In the Matter of the Claim of BARBARA J. FORD, Respondent. THE RECTOR CHURCHWARDENS & VESTRYMEN OF TRINITY CHURCH, Appellant; COMMISSIONER OF LABOR, Respondent. [937 NYS2d 714]—

---

Whether a claimant has engaged in disqualifying misconduct is a factual question for resolution by the Board and its decision will not be disturbed when supported by substantial evidence (*see Matter of Johnson [Commissioner of Labor]*, 83 AD3d 1314, 1314 [2011]; *Matter of Ponce [Commissioner of Labor]*, 75 AD3d 1041, 1041 [2010]). Likewise, credibility determinations are within the province of the Board to resolve (*see Matter of Johnson [Commissioner of Labor]*, 83 AD3d at 1314; *Matter of Green [Village of Hempstead—Commissioner of Labor]*, 80 AD3d 954, 955 [2011]). However, the Board's conclusion here that there is "no substantial evidence to support the employer's allegations of misconduct against the claimant" is unsupported by the record as a whole and, therefore, we must reverse (*see Matter of Takser [New York Compensation Ins. Rating Bd.— Commissioner of Labor]*, 63 AD3d 1478, 1480 [2009], *lv dismissed* 13 NY3d 810 [2009]).

During the hearing, the codirector of the employer's human resources department testified that the investigation revealed that claimant's brother-in-law admitted to having requested that his niece send the faxes. Despite claimant's protestations that she did not know her sister or her sister's husband, the employer's telephone records showed that a call was made from claimant's desk telephone to the brother-in-law's telephone

number in Alabama. In addition, the employer submitted documentary evidence that substantiated the familial relationship between claimant and the man who admittedly caused the faxes to be sent. To the extent that the Board found that the employer's evidence constituted only hearsay, we note that the Administrative Law Judge denied a request to call a representative from the investigator to testify.

Moreover, to the extent that the Board found that claimant testified consistently and credibly, that conclusion is belied by the record. Initially, claimant testified that she left Alabama at the age of 12 or 13 and, thereafter, did not know her estranged family and had no contact with them. However, upon further questioning, claimant testified that she had regular contact with her brother who had visited her in New York and had periodic contact with her mother, whose funeral she had attended in Alabama. Furthermore, when questioned about whether she had made a call from her desk to an Alabama telephone number in May 2007, claimant testified that sometimes she would return calls to her mother. However, the record demonstrates that claimant's mother died in 2006.

While this Court generally accords deference to the Board with regard to its factual determinations, it is not free to "disregard compelling evidence that claimant was guilty of employee misconduct," which it appears to have done here (*Matter of Takser [New York Compensation Ins. Rating Bd.—Commissioner of Labor]*, 63 AD3d at 1480). Accordingly, we must reverse and remit for a new hearing before the Board.

Peters, J.P., Rose, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.