Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 11, 2014, which, among other things, ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.
Claimant, a carpenter, was terminated in May 2013 for violating his employer’s anti-harassment policy. Claimant subsequently applied for and received unemployment insurance benefits, asserting that he had lost his employment due to lack of work. The Unemployment Insurance Appeal Board ultimately determined that claimant was disqualified from receiving those benefits because he had been terminated due to misconduct and, further, charged him with a recoverable overpayment and forfeiture penalty due to his willful misrepresentations. Claimant now appeals.
We affirm. There is no question “that offensive behavior in the workplace which is detrimental to the employer’s best interest constitutes disqualifying misconduct” (Matter of Williams [Commissioner of Labor], 32 AD3d 1089, 1090 [2006]; accord *1229 Matter of Velez [Commissioner of Labor], 70 AD3d 1100, 1100 [2010]). Here, the record establishes that claimant engaged in a prolonged campaign of harassment against a coworker that ended in claimant’s termination; accordingly, substantial evidence supports the Board’s finding of disqualifying misconduct (see Matter of Velez [Commissioner of Labor], 70 AD3d at 1100-1101). To the extent that claimant’s remaining arguments are properly before us, claimant inaccurately asserted that he was unemployed due to a lack of work when he applied for benefits; we therefore perceive no reason to disturb either the Board’s finding of willful misrepresentation or its imposition of both a recoverable overpayment and forfeiture penalty (see Matter of Guess [Commissioner of Labor], 119 AD3d 1256, 1257 [2014]).
Peters, EJ., Stein, Garry, Egan Jr. and Devine, JJ., concur.
Ordered that the decision is affirmed, without costs.