In the Matter of the Claim of JAMES J. GAMBINO, Appellant. COMMISSIONER OF LABOR, Respondent. [751 NYS2d 661] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 8, 2001, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant, a computer programmer, was temporarily assigned to work in the offices of one of his employer's clients. On the last day of this employment, a representative of the employer visited the client's building where he observed claimant in a highly agitated state, conducting an expletive-laden conversation on the telephone at the reception desk in the lobby. A security guard and an employee of the client were present and expressed alarm at claimant's conduct. A short time thereafter, the client notified the employer that claimant would not be permitted to return to its premises due to the scene he had created. Claimant was then discharged by the employer.

After the employer failed to appear at claimant's first administrative hearing, the Administrative Law Judge (hereinafter ALJ) ruled that claimant was qualified to receive benefits; however, the employer's subsequent application to reopen this decision was granted and, following a hearing, the ALJ reversed its decision, ruling that claimant was guilty of disqualifying misconduct. The Unemployment Insurance Appeal Board affirmed that decision, giving rise to this appeal.

Claimant contends that it was an abuse of discretion for the ALJ to grant the employer's request to reopen this matter after its failure to appear at the original administrative hearing. We disagree. The employer made the requisite showing of good cause to excuse its default, i.e., a misunderstanding regarding the presentation of telephonic testimony, and, hence, we find no abuse of the ALJ's discretionary power.

We further find that substantial evidence supports the Board's decision finding that claimant lost his employment due to disqualifying misconduct. In general, an employee who has been discharged due to contentious and disruptive conduct or use of offensive language in the workplace may be disqualified from receiving unemployment insurance benefits (see Matter of Romano [Commissioner of Labor], 291 AD2d 776; Matter of Vindigni [Commissioner of Labor], 250 AD2d 915, lv denied 92 NY2d 811). In this matter, the hearing testimony established that claimant's disruptive and inappropriate conduct on the premises of his employer's client was sufficiently egregious to

rise to the level of disqualification. Claimant's remaining contentions have been reviewed and found to be without merit.

Mercure, J.P., Crew III, Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.