■ In the Matter of the Claim of FRANK J. ALBANESE, Appellant. COMMISSIONER OF LABOR, Respondent. [756 NYS2d 673] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 18, 2001, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant requested a sick day off from work about one week prior to a doctor's appointment that he had scheduled one month earlier. He did not inform the employer that he had a medical appointment, instead stating that he needed the day off for something personal. The employer informed him that he had used all his sick days. Claimant then requested a bonus day off, but was informed that he had used all those days as well. He then requested the day off without pay. The employer informed him that if he did not report for work, he would be

discharged. Despite the employer having previously informed claimant that he could take additional days off for his ongoing medical problem, claimant still did not reveal that the requested time would be used to attend a medical appointment. After he failed to appear at work on the day of his appointment, the employer terminated him. Claimant filed for unemployment insurance benefits, which the employer contested. The employer failed to appear at the first hearing, resulting in a finding for claimant. The employer's subsequent application to reopen the decision was granted. After the second hearing, the Administrative Law Judge reversed the prior decision, finding that claimant was disqualified from receiving unemployment insurance benefits because he was fired for misconduct. Claimant appeals from the Unemployment Insurance Appeal Board's affirmance of that decision.

Claimant argues that it was an abuse of discretion to grant the employer's request to reopen this matter. We disagree. The employer offered a valid reason to excuse its default, i.e., that claimant's supervisor had been required to conduct a training session which could not be rescheduled (*see Matter of Gambino [Commissioner of Labor]*, 300 AD2d 799 [2002]).

The Board's determination that claimant lost his employment under disqualifying circumstances was supported by substantial evidence. We have previously held that a single unauthorized absence may constitute misconduct that disqualifies a claimant from receiving unemployment insurance benefits where the claimant requested a day off, the employer disapproved the absence, yet the claimant still failed to report for work (*see Matter of Valycheva [Hudacs]*, 189 AD2d 1051 [1993]; *see also Matter of Svetlich [Sweeney]*, 236 AD2d 762 [1997]). Accordingly, we affirm.

Cardona, P.J., Mercure, Crew III, Peters and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.