◼ In the Matter of the Claim of JULIE A. DECKER, Appellant. COMMISSIONER OF LABOR, Respondent. [760 NYS2d 908] —Appeal

from a decision of the Unemployment Insurance Appeal Board, filed August 2, 2002, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

On February 8, 2002, claimant, a thrift clerk at a bakery outlet, abruptly left work due to a family emergency with her mother. A domestic dispute ensued between claimant and her sisters which resulted in claimant being assaulted by one of her sisters. The next day claimant informed her supervisor that she would not be at work. On February 10, 2002, claimant received medical treatment for her injury and was placed on medication. When claimant was able to see her physician on February 12, 2002, she was advised not to return to work until further notice. The employer did not receive the doctor's note until February 14, 2002. When claimant was released for work on February 19, 2002, she was informed that she had been discharged due to job abandonment for failing to contact the employer during her absence. Following a hearing, the Administrative Law Judge found that claimant lost her employment due to disqualifying misconduct. The Unemployment Insurance Appeal Board affirmed and this appeal ensued.

A claimant's failure to contact an employer regarding an unauthorized absence from work may constitute misconduct (*see Matter of Parker [Commissioner of Labor]*, 274 AD2d 734 [2000]; *Matter of Conforti [Commissioner of Labor]*, 268 AD2d 663 [2000]). The Board had discretion to make credibility determinations regarding the employer's two witnesses who testified that claimant never contacted them after February 9, 2002 and never gave a reason for her absences, and claimant's testimony that she called her supervisor every day to explain why she would not be present (*see Matter of Ciraolo [Commissioner of Labor]*, 302 AD2d 848 [2003]; *Matter of Jacque [Commissioner of Labor]*, 270 AD2d 541 [2000]). Substantial evidence supports the Board's finding that claimant's failure to contact the employer during her unauthorized absence constituted disqualifying conduct (*see Matter of Albanese [Commissioner of Labor]*, 304 AD2d 945 [2003]; *Matter of Jacque [Commissioner of Labor], supra*).

Cardona, P.J., Crew III, Peters, Mugglin and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.