██ In the Matter of the Claim of DAVID S. GORDON, Appellant. COMMISSIONER OF LABOR, Respondent. [853 NYS2d 188]—

Kavanagh, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 4, 2006, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Amid accusations of harassment and theft, claimant, an assistant in a podiatrist's office, was fired by his employer. He subsequently applied for unemployment insurance benefits, but was initially ruled to be ineligible due to his termination for misconduct. Upon claimant's request, hearings were conducted before an Administrative Law Judge (hereinafter ALJ) and claimant was ultimately awarded unemployment insurance benefits in a decision filed May 17, 2006. On July 21, 2006, 44 days after the ALJ's decision was filed, the Unemployment Insurance Appeal Board received a letter from the employer "asking for a complete reversal of all unemployment monies paid to [claimant]." The Board then convened hearings on the issue of "the timeliness of [the employer's] request for an appeal," at the conclusion of which the parties were informed that "[the Board] will make [its] decision and [the parties] will receive a decision in writing in the next week to ten days." Five days later, the Board sent the parties a "notice of receipt of application to reopen decision," informing them that it had received "an application for a reopening and reconsideration of the decision of the [ALJ]" from the employer and that the case was being reopened. In a decision filed the next month, the Board reversed the determination of the ALJ and concluded that claimant was disqualified from receiving benefits due to his termination for misconduct. However, in its decision, the Board stated that "[t]he employer appealed the [ALJ's] decision to the Appeal Board" and its decision is silent on the issues of the timeliness of the appeal or the reopening of the case. Claimant now appeals.

Initially, we agree with the Commissioner of Labor's contention that, in the context of this case, the employer's letter was an application to reopen due to the employer's inclusion of new evidence—namely, Town Court's decision, entered July 6, 2006, convicting defendant of harassment in the second degree for the very acts which led to his termination (*see generally* 12 NYCRR 463.1 [f] [2]). However, except for a single instance in which the Board referred to the employer's letter as an application to reopen and reconsider, the Board treated the letter as a notice of appeal, including in its ultimate decision which expressly

deemed it an appeal by the employer and made no mention of, and in fact is arguably inconsistent with, the new evidence submitted with the employer's letter. Inasmuch as the Board's procedural inconsistencies render meaningful review impossible, we reverse and remit. As such, we do not reach claimant's remaining arguments.

Cardona, P.J., Carpinello, Lahtinen and Malone Jr., JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.