■ In the Matter of the Claim of RAYMOND D. SCHAFFER, Appellant. BYRNE DAIRY, INC., Respondent; COMMISSIONER OF LABOR, Respondent. [866 NYS2d 368]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 1, 2007, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was employed as a route driver for a dairy for approximately 1½ years. While pulling his tractor trailer out of the employer's lot at the start of his shift on May 3, 2006, claimant struck an adjacent trailer and knocked it to the ground causing damage to the trailer and thousands of gallons of milk to spill onto the ground. Claimant did not immediately report the accident and was confronted by his supervisor at the end of his shift. At that time, his tractor trailer was inspected and found to have damage consistent with striking the overturned trailer, as well as axle grease concealing some of the damage. Claimant was discharged for leaving the scene of an accident and failing to report the damage. After the case was reopened following the employer's failure to appear at the initial hearing, the Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct. This appeal ensued.

Initially, inasmuch as the employer established that its failure to attend the first telephonic hearing was due to the fact that the Administrative Law Judge apparently never received the notice it sent requesting to be called at a particular telephone number, we find that the employer demonstrated good cause warranting the reopening of the hearing (*see* 12 NYCRR 461.8; *see e.g. Matter of Albanese [Commissioner of Labor]*, 304 AD2d 945, 946 [2003]; *Matter of Gambino [Commissioner of Labor]*, 300 AD2d 799, 799 [2002]). Turning to the merits, it is well settled that an employee's apparent dishonesty or failure to comply with an employer's established policies and procedures can constitute disqualifying misconduct (*see Matter of Tobin [Commissioner of Labor]*, 20 AD3d 839, 839 [2005]; *Matter of Gallagher [Commissioner of Labor]*, 298 AD2d 828, 828 [2002]). Here, the evidence establishes that the claimant failed to comply with the employer's policy requiring employees to immediately report accidents and that he, in fact, tried to conceal the accident by using axle grease to cover the damage. Claimant's contrary testimony presented a credibility issue for the Board to resolve (*see Matter of Petrosov [Commissioner of Labor]*, 284 AD2d 874, 875 [2001]). Therefore, we decline to disturb the Board's decision.

Mercure, J.P., Spain, Rose, Kane and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.