Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 26, 2012, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.
Claimant worked as a paralegal for the employer, a law firm, for approximately seven months before she was terminated for misconduct. Upon her application, claimant was found eligible for unemployment insurance benefits. The case was reopened following the employer’s failure to appear at the initial hearing and, after a hearing on the merits, the Administrative Law Judge ruled that claimant was disqualified from receiving benefits because her employment was terminated due to misconduct. The Unemployment Insurance Appeal Board affirmed and this appeal ensued.
Upon our review of the record, which includes the employer’s proffered excuse for its nonappearance, we find no abuse of discretion in the decision to reopen the case (see 12 NYCRR 461.8; Matter of Micara [Commissioner of Labor], 307 AD2d 568, 569 [2003]; Matter of Albanese [Commissioner of Labor], 304 AD2d 945, 946 [2003]). The employer’s credible excuse was supported by the testimony of another employee, upon which the Board was entitled to rely notwithstanding its hearsay nature (see Matter of Halper [Commissioner of Labor], 251 AD2d 875, 876 [1998]). Moreover, the employer applied to reopen the case almost immediately after missing the initial hearing (compare Matter of Monroe [Commissioner of Labor], 59 AD3d 836, 837 [2009], lv dismissed 13 NY3d 879 [2009]).
Turning to the merits, we find that the Board’s determination is supported by substantial evidence (see Matter of Song [Commissioner of Labor], 105 AD3d 1241, 1241 [2013]; Matter of Zaydman [Roman Roytberg, Inc., P.C. — Commissioner of La *1293 bor], 87 AD3d 1192, 1193 [2011]). Specifically, the testimony of the employer’s president and that of the associate attorney and the office manager supported the Board’s finding that claimant failed to properly calendar a court appearance, changed the calender after her mistake was discovered and then lied to the employer about it. The testimony of the employer’s witnesses established that this was a crucial part of claimant’s job responsibilities and she had previously made a similar error for which she had been warned. Claimant’s testimony to the contrary, and any further inconsistencies in the testimony, presented credibility issues for the Board to resolve (see Matter of Song [Commissioner of Labor], 105 AD3d at 1241; Matter of Moran [Cartier — Commissioner of Labor], 95 AD3d 1586, 1586 [2012]; Matter of Zaydman, 87 AD3d at 1193; Matter of Schaffer [Byrne Dairy, Inc. — Commissioner of Labor], 54 AD3d 1111, 1112 [2008]).
Peters, P.J., Rose, Spain and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.