■ In the Matter of the Claim of IGNACIO E. PATRICIO, Appellant. COMMISSIONER OF LABOR, Respondent. [48 NYS3d 854]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 7, 2015, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he lost his employment due to misconduct.

Claimant was terminated from his employment as a security agent after failing to timely report for work on January 15, 2015. Accepting claimant's explanation that his car broke down en route to work and that his phone was not functioning, the Department of Labor found him eligible for unemployment insurance benefits. The employer contested the determination and, at the hearing held on May 26, 2015, presented contrary evidence that claimant called in after his shift started, explaining that he had forgotten that it was a scheduled work day. The hearing was adjourned to June 15, 2015 to, in part, afford claimant an opportunity to document the car trouble. In the interim, claimant secured new employment and, by letter dated June 8, 2015, so informed the Administrative Law Judge (hereinafter ALJ) and explained that he no longer needed unemployment benefits. As a result, claimant did not appear at the next hearing date, and the ALJ was unable to reach him by phone. At the conclusion of the hearing, the ALJ issued a decision finding that claimant was disqualified from receiving benefits because he lost his employment due to misconduct. Shortly thereafter, claimant sent a letter to the Unemployment Insurance Appeal Board indicating that he wished to appeal this decision because he had received a demand for the repayment of benefits and was accused of making a false statement. The Board upheld the ALJ's decision and claimant now appeals.

We reverse. Where a party promptly shows good cause for a default, he or she is entitled to a hearing on the merits (*see* 12 NYCRR 461.8; *see e.g. Matter of Schaffer [Byrne Dairy, Inc.—*

*Commissioner of Labor]*, 54 AD3d 1111, 1112 [2008]; *Matter of Gambino [Commissioner of Labor]*, 300 AD2d 799, 799 [2002]; *compare Matter of Hughes [Commissioner of Labor]*, 136 AD3d 1085, 1086 [2016]). Claimant's correspondence clearly shows that he was under the mistaken impression that the case was closed in view of his new employment. Although couching his request as an appeal, by seeking to have the ALJ address the merits of the dispute and providing paperwork documenting the car trouble, claimant's request should have been treated as an application to reopen the hearing (*see Matter of Gordon [Commissioner of Labor]*, 48 AD3d 1012, 1013-1014 [2008]; *see also Matter of Cerick [Commissioner of Labor]*, 120 AD3d 1500, 1500-1501 [2014]). We are mindful that a reopening request must be made to the chief administrative law judge or a senior administrative law judge who is then required to designate an ALJ to act on the application (*see* 12 NYCRR 461.8). In commenting on the letter, the ALJ pointed out that "[m]y senior judge called [claimant]" but was unable to reach him. As such, we are satisfied that the application was presented in compliance with the rule. Notably, in finding that claimant was disqualified for misconduct, the ALJ repeatedly emphasized that claimant failed to both appear at the June 15, 2015 hearing and to produce the documentary evidence requested. Given these circumstances, we conclude that the Board abused its discretion in failing to reopen the hearing.

Peters, P.J., Garry, Lynch, Devine and Mulvey, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.