■ In the Matter of the Claim of RICHARD A. McGLOIN, Appellant. COMMISSIONER OF LABOR, Respondent. [779 NYS2d 833]—

Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed July 3, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct, and (2) from a decision of said Board, filed September 19, 2003, which, upon reconsideration, adhered to its prior decision.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant lost his

employment as a mechanic due to disqualifying misconduct for fighting with a coworker. It is well settled that fighting with a coworker, regardless of who initiates the confrontation, can constitute disqualifying misconduct (*see Matter of Cedeno [Commissioner of Labor]*, 6 AD3d 1035 [2004]; *Matter of McCray [Commissioner of Labor]*, 301 AD2d 1010 [2003], *lv denied* 100 NY2d 502 [2003]). Here, it was within the province of the Board to reject claimant's assertion that he was acting in self-defense, especially in view of the opposing evidence that when the coworker walked away, claimant followed him and continued the fight (*see Matter of White [Commissioner of Labor]*, 268 AD2d 643 [2000]). Inasmuch as claimant failed to take reasonable steps to withdraw from the situation, despite having the opportunity to do so, we find no reason to disturb the Board's decision (*see Matter of Ferrarie [Hartnett]*, 176 AD2d 420 [1991]). Claimant's remaining contention regarding the hearsay nature of the evidence presented has been reviewed and found to be without merit.

Peters, J.P., Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decisions are affirmed, without costs.