■ In the Matter of the Claim of RONALD LIEBMAN, Appellant. COMMISSIONER OF LABOR, Respondent. [798 NYS2d 806]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 20, 2004, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he was suspended from employment without pay due to misconduct.

Claimant, a senior statistician, was charged by the employer with assaultive or threatening behavior toward a security guard, resulting in claimant being suspended without pay. The Unemployment Insurance Appeal Board denied claimant's application for unemployment insurance benefits on the ground that claimant engaged in disqualifying misconduct. Claimant now appeals.

It is well settled that threatening conduct toward or fighting with a coworker (*see Matter of Perkins [Commissioner of Labor]*, 16 AD3d 756 [2005]; *Matter of White [Commissioner of Labor]*, 268 AD2d 643 [2000]), as well as violating established policies of the employer (*see Matter of Campbell [New York City Dept. of Transp.—Commissioner of Labor]*, 257 AD2d 761 [1999]), can constitute disqualifying misconduct. Here, the record establishes that claimant signed a settlement agreement wherein he admitted to the assaultive behavior alleged by the employer. Furthermore, in a letter from claimant's attorney, claimant acknowledged that his inappropriate conduct was in violation of the employer's workplace policies. Although claimant maintains that any physical contact with the security guard was uninten-

tional and in self-defense, this created a credibility issue for the Board to resolve (*see Matter of McCray [Commissioner of Labor]*, 301 AD2d 1010, 1011 [2003]; *Matter of White [Commissioner of Labor], supra* at 643-644). Inasmuch as substantial evidence supports the Board's decision, it will not be disturbed.

Crew III, J.P., Peters, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.