In the Matter of the Claim of AGNES L. BRUNER, Appellant. ROCHESTER CITY SCHOOL DISTRICT, Respondent; COMMISSIONER OF LABOR, Respondent. [802 NYS2d 274]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 23, 2004, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant challenges a decision of the Unemployment Insurance Appeal Board, reversing the finding of the Administrative

Law Judge, that she was disqualified from receiving benefits because she lost her employment as a senior school secretary due to misconduct and made willful false statements to obtain benefits. The record establishes that a substitute teacher had been belligerent and threatening toward claimant for a few days because of a conflict with his paycheck. One day, as claimant was leaving school with her husband, a confrontation between claimant's husband and the substitute teacher ensued, resulting in a physical altercation. According to an eyewitness and the results of an investigation, claimant pulled a sharp object from her purse and, with a hammering motion, hit the substitute teacher around the head and neck, resulting in puncture wounds and stitches to the substitute teacher. After the fight, a razor was recovered from the scene and claimant thereafter was arrested, however, the charges were later dismissed.

It is well settled that fighting with or assaulting a coworker, regardless of who initiates the confrontation, can constitute disqualifying misconduct (*see Matter of McGloin [Commissioner of Labor]*, 9 AD3d 727, 728 [2004]; *Matter of Cedeno [Commissioner of Labor]*, 6 AD3d 1035 [2004]). Although claimant's version of events differed in that she maintained that it was the substitute teacher, not her, who possessed a weapon, and that she was acting in self defense, it was within the province of the Board to resolve any questions of credibility (*see Matter of White [Commissioner of Labor]*, 268 AD2d 643, 643-644 [2000]). Notwithstanding that the record could support a contrary conclusion, there is substantial evidence in the record to support the finding that claimant engaged in disqualifying misconduct and, therefore the decision will not be disturbed (*see Matter of Love [Commissioner of Labor]*, 249 AD2d 674 [1998]).

Crew III, J.P., Peters, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.