■ In the Matter of the Claim of BETTY J. CHISHOLM, Appellant. COMMISSIONER OF LABOR, Respondent. [865 NYS2d 695]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 26, 2008, which ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant worked as a cashier for a food service company at a college cafeteria. She had a disagreement with a coworker concerning a customer's order which resulted in the coworker striking claimant. After another employee intervened, the two were separated and reprimanded by a supervisor who sent claimant home. As claimant was leaving, she made a verbal threat to the coworker who struck her and another physical altercation ensued during which the two exchanged punches. Claimant's employment was terminated as a result. The Unemployment Insurance Appeal Board disqualified her from receiving unemployment insurance benefits because her employment was terminated due to misconduct. Claimant appeals.

We affirm. "It is well settled that fighting with or assaulting a coworker, regardless of who initiates the confrontation, can constitute disqualifying misconduct" (*Matter of Bruner [Rochester City School Dist.—Commissioner of Labor]*, 22 AD3d 946, 947 [2005] [citation omitted]; *see Matter of McGloin [Commissioner of Labor]*, 9 AD3d 727, 728 [2004]) as can an employee's disregard of an employer's rule prohibiting fighting (*see Matter of Liebman [Commissioner of Labor]*, 20 AD3d 858, 858 [2005]). Here, while claimant contends that the coworker initiated the first confrontation and that she did not strike back, she admitted to punching the coworker after the second altercation erupted and to knowing that such conduct violated the employer's policy. In view of this, substantial evidence supports the Board's decision and we decline to disturb it.

Mercure, J.P., Carpinello, Kane, Kavanagh and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.