■ In the Matter of the Claim of JANET LEE LEWIS, Appellant. XEROX CORPORATION, Respondent; COMMISSIONER OF LABOR, Respondent. [884 NYS2d 501]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 12, 2008, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant worked for the employer as a prep production operator for more than five years until October 2007, when she was discharged after using profane language while complaining to a coworker about a customer with whom she had been working and who was still present in the room at the time such comment was made. Approximately two months prior to this incident, claimant had been given a final written warning regarding her unprofessional conduct toward the employer's customers, including a warning that further similar conduct could result in her dismissal. The Unemployment Insurance Appeal Board disqualified claimant from receiving unemployment insurance benefits on the basis that she had been discharged due to misconduct. Claimant now appeals.

We affirm. "An employee's unprofessional and discourteous conduct, which is detrimental to the interest of an employer, has been held to constitute disqualifying misconduct" (*Matter of Childs [Kaleida Health—Commissioner of Labor]*, 42 AD3d 620, 621 [2007] [citations omitted]; *see Matter of Moore [Commissioner of Labor]*, 49 AD3d 1124, 1124 [2008]). Here, the credible evidence, including the testimony of claimant's coworkers, together with the prior written warning provide substantial evidence to support the Board's ruling that claimant's behavior constituted disqualifying misconduct. To the extent that claimant denies behaving in an unprofessional manner and offers exculpatory explanations for her conduct, a credibility issue was created for the Board to resolve (*see Matter of Moore [Commissioner of Labor]*, 49 AD3d at 1125; *Matter of Kazaka [Commissioner of Labor]*, 46 AD3d 1071, 1071 [2007]).

Cardona, P.J., Mercure, Spain, Kane and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.