■ In the Matter of the Claim of MARIA R. HERNANDEZ, Appellant. COMMISSIONER OF LABOR, Respondent. [950 NYS2d 833]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 14, 2011, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant worked for a commercial cleaning company for approximately six years. She got into a verbal dispute with a coworker and ended up pushing the coworker and throwing the coworker's phone to the floor. The coworker reported the incident to the owner, who informed claimant that she could no longer work for the company. Claimant, in turn, threatened the owner with physical harm, prompting the owner to file a police report. Following her termination, claimant applied for unemployment insurance benefits. The Unemployment Insurance Appeal Board ruled that she was disqualified from receiving them because her employment was terminated due to misconduct. Claimant now appeals.

We affirm. Fighting with a coworker has been held to constitute misconduct disqualifying a claimant from receiving unemployment insurance benefits (*see Matter of Chisholm [Commissioner of Labor]*, 54 AD3d 1094 [2008]; *Matter of Bruner [Rochester City School Dist.—Commissioner of Labor]*, 22 AD3d 946, 947 [2005]), as has engaging in threatening behavior (*see Matter of Colindres [Commissioner of Labor]*, 91 AD3d 991, 992 [2012]; *Matter of Messado [City of New York—Commissioner of Labor]*, 76 AD3d 740, 741 [2010]). Here, both the coworker and the owner of the company testified that claimant not only assaulted the coworker, but also threatened to cause physical harm to the owner. Claimant's contrary testimony presented a credibility issue for the Board to resolve (*see Matter of Reyna-Bautista [Commissioner of Labor]*, 45 AD3d 1102, 1102-1103 [2007]). Inasmuch as substantial evidence supports the Board's decision, we find no reason to disturb it.

Peters, P.J., Mercure, Malone Jr., Kavanagh and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.