*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 11, 2014                518609
_____

In the Matter of the Claim of
    LAURA Q. SULLIVAN,
                    Respondent.

BROOKVILLE CENTER FOR                 MEMORANDUM AND ORDER
    CHILDREN'S SERVICES, INC.,
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____


Calendar Date:  October 21, 2014

Before:  Lahtinen, J.P., McCarthy, Rose, Lynch and Clark, JJ.


_____


        Cooper Sapir & Cohen, PC, Melville (David M. Cohen of
counsel), for appellant.

        Michelle I. Rosien, Philmont, for Laura Q. Sullivan,
respondent.


_____


        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed January 3, 2014, which ruled that claimant was
entitled to receive unemployment insurance benefits.

        Claimant worked for almost seven years as a senior speech
language pathologist for the employer until she was terminated in
May 2013.  The termination resulted from her running afoul of the
employer's written policy prohibiting employees from posting on
social media "during work hours, unless for specific and approved
business purposes."  The Unemployment Insurance Appeal Board
thereafter determined that claimant was entitled to receive
unemployment insurance benefits because, in its view, she had not

lost her job due to disqualifying misconduct.  The employer now appeals.

The question of whether a claimant engaged in actions sufficient to disqualify him or her from receiving unemployment insurance benefits is a factual one for the Board to resolve, "and its determination will not be disturbed if supported by substantial evidence" (Matter of Jaiyesimi [ISS Action Inc.– Commissioner of Labor], 114 AD3d 983, 983 [2014]; see Matter of Morris [Lenox Hill Neighborhood House Inc.–Commissioner of Labor], 110 AD3d 1333, 1334 [2013]).  Not every discharge for cause rises to the level of misconduct, which is defined as "a willful and wanton disregard of the employer's interest" (Matter of Rahaman [New York Convention Ctr. Operating Corp.–Commissioner of Labor], 101 AD3d 1206, 1207 [2012] [internal quotation marks and citations omitted]).  Claimant did not dispute that she was aware of the employer's policy on social media usage and that she nevertheless posted an item during work hours.  The record also reflects, however, that it was an isolated incident and that claimant had a clean disciplinary record prior to her termination.  Substantial evidence thus supports the determination of the Board that claimant's behavior, while reflective of a momentary lapse in judgment, did not rise to the level of disqualifying misconduct (see Matter of Nangreave [United Health Servs. Hosps., Inc.–Commissioner of Labor], 107 AD3d 1211, 1212 [2013]; Matter of McKoy [LB&B Assoc., Inc.–Commissioner of Labor], 27 AD3d 922, 923 [2006]).

Lahtinen, J.P., McCarthy, Rose, Lynch and Clark, JJ., concur.

ORDERED that the decision is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court