*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 21, 2015                    519772
_____

In the Matter of the Claim of
    MARC HECTOR,
                        Appellant.
                                        MEMORANDUM AND ORDER
COMMISSIONER OF LABOR,
                        Respondent.
_____

Calendar Date:  March 31, 2015

Before:  McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

_____


        Nicole Salk, South Brooklyn Legal Services, New York City,
for appellant.

        Eric T. Schneiderman, Attorney General, New York City
(Bessie Bazile of counsel), for respondent.

_____


        Appeals (1) from a decision of the Unemployment Insurance
Appeal Board, filed December 17, 2013, which ruled that claimant
was disqualified from receiving unemployment insurance benefits
because his employment was terminated due to misconduct, and (2)
from a decision of said Board, filed April 25, 2014, which, upon
reconsideration, adhered to its prior decision.

        From June 2011 until his termination in April 2013,
claimant worked at one of the employer's restaurants preparing
food and assisting customers.  The Department of Labor issued an
initial determination denying his claim for unemployment
insurance benefits and, following a hearing, an Administrative
Law Judge concluded that claimant had engaged in disqualifying
misconduct and sustained the determination.  The Unemployment
Insurance Appeal Board affirmed and, upon reconsideration,
adhered to its decision.  Claimant now appeals from both

decisions.

We affirm.  The determination of "whether a claimant has engaged in disqualifying misconduct is a factual issue for the Board to decide and its decision will be upheld if supported by substantial evidence" (Matter of Manieson [Commissioner of Labor], 119 AD3d 1312, 1313 [2014]; see Matter of Cardenas [Metropolitan Cable Communications, Inc.—Commissioner of Labor], 118 AD3d 1234, 1234-1235 [2014]).  Engaging in insubordinate behavior (see Matter of Shafer [Commissioner of Labor], 107 AD3d 1280, 1280 [2013]; Matter of Irons [TLC W., LLC—Commissioner of Labor], 79 AD3d 1511, 1511 [2010]) or using profane or disrespectful language toward a supervisor can constitute disqualifying misconduct (see Matter of Gigi [Commissioner of Labor], 37 AD3d 894, 894-895 [2007]; Matter of Rosario [Commissioner of Labor], 32 AD3d 1092, 1092 [2006]).  Here, the consistent testimony of, among others, members of management established that claimant used profane language toward his supervisor and engaged in insubordinate behavior when he refused directives to assist customers in the restaurant and to leave the premises.  As it was within the Board's province to credit this testimony (see Matter of Andrews [A.C. Roman & Assoc.— Commissioner of Labor], 118 AD3d 1216, 1217 [2014]), it could reasonably conclude that claimant engaged in disqualifying misconduct (see Matter of Lewis [Xerox Corp.—Commissioner of Labor], 65 AD3d 773, 774 [2009]).  Accordingly, we find no reason to disturb the Board's decisions.

McCarthy, J.P., Egan Jr., Lynch and Clark, JJ., concur.


ORDERED that the decisions are affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court