■ In the Matter of the Claim of ANTHONY D. CHIRICO, Respondent. CITY OF SYRACUSE, Appellant; COMMISSIONER OF LABOR, Respondent. [24 NYS3d 800]—

McCarthy, J.P. Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 6, 2014, which ruled that claimant was entitled to receive unemployment insurance benefits.

For approximately 10 months, claimant worked for the employer as a motor equipment operator. On October 10, 2012, after parking and exiting the employer's refuse truck at a restaurant, three individuals, two of whom were carrying golf clubs, assaulted claimant. After being struck with a golf club, claimant grabbed one of the golf clubs and swung the club to ward off the three attackers. After the police arrived and conducted an investigation of the incident, neither claimant nor his coworkers were charged with any crimes. A few days later, claimant's employment was then terminated for his "unsatisfactory work performance." Claimant then applied for, and received, unemployment insurance benefits. Thereafter, the Department of Labor determined that claimant lost employment due to actions that constituted misconduct in connection with that employment, disqualified him from receiving benefits and ordered him to reimburse the employer for benefits. Following a hearing requested by claimant, an Administrative Law Judge upheld the Department's determination. Upon review, the Unemployment Insurance Appeal Board reversed, determining that claimant was entitled to receive unemployment insurance benefits because, in its view, claimant's actions were in self-defense and did not constitute disqualifying misconduct. The employer now appeals.

The employer contends that claimant is not entitled to

receive unemployment insurance benefits because he engaged in disqualifying misconduct. "Whether a claimant has engaged in disqualifying misconduct is a factual question for the Board to resolve and its determination will not be disturbed if supported by substantial evidence" (*Matter of Jaiyesimi [ISS Action Inc.—Commissioner of Labor]*, 114 AD3d 983, 983 [2014] [citations omitted]; *see Matter of Hector [Commissioner of Labor]*, 128 AD3d 1258, 1259 [2015]). Not every discharge for cause is misconduct, which is defined as " 'a willful and wanton disregard of the employer's interest' " (*Matter of Sullivan [Brookville Ctr. for Children's Servs., Inc.—Commissioner of Labor]*, 123 AD3d 1273, 1273 [2014], quoting *Matter of Rahaman [New York Convention Ctr. Operating Corp.—Commissioner of Labor]*, 101 AD3d 1206, 1207 [2012]). While engaging in a physical altercation or exchange during the course of one's employment may be found to constitute disqualifying misconduct (*see Matter of Chisholm [Commissioner of Labor]*, 54 AD3d 1094, 1094 [2008]; *Matter of Thompson [New York City Off. of Bronx Borough President—Commissioner of Labor]*, 270 AD2d 551, 552 [2000]), claimant's assertion that he did not initiate the altercation and that he acted in self-defense and appropriately under the circumstances presented a credibility issue that the Board could properly choose to credit (*see Matter of Hector [Commissioner of Labor]*, 128 AD3d at 1259; *compare Matter of Smith [New Venture Gear—Commissioner of Labor]*, 278 AD2d 634, 634-635 [2000], *with Matter of McGloin [Commissioner of Labor]*, 9 AD3d 727, 728 [2004]). Inasmuch as the details of the incident that claimant provided in his application for unemployment benefits were consistent with his testimony at the hearing, which the Board credited, we also reject the employer's contention that the Board should have found that claimant made a willful false statement or representation that warranted a reduction or forfeiture of unemployment insurance benefits (*see* Labor Law § 594; *cf. Matter of Bianco [Commissioner of Labor]*, 53 AD3d 1002, 1003 [2008], *lv denied* 11 NY3d 711 [2008]). Accordingly, we find no reason to disturb the Board's decision.

Egan Jr., Lynch and Devine, JJ., concur. Ordered that the decision is affirmed, without costs.